## THE WINOOSKI LUMBER AND WATER POWER CO. *v.* THE TOWN OF COLCHESTER.

*Highway, laying out. Dedication of. Removal of Obstructions.* R. L. ss. 2923, 2926.

The petitioner, being dissatisfied with the action of the selectmen in laying a highway, petitioned the County Court for commissioners; and the question was, whether the petition would lie, and this turned on the question, whether the selectmen had laid out a new highway, or merely ordered obstructions to be removed from the old one; *Held,* (1) that the precise words of the statute are not essential in an order establishing a highway; but an equivalent expression is sufficient; (2) neither a survey nor tender of land damages is necessary, when a former owner had dedicated the land, also caused a survey and record thereof to be made, where the order referred to and adopted such survey; (3) nor is the case affected by a failure to follow the statutory requirements as to width of the highway, or to make its *termini* certain.

PETITION for highway commissioners. Heard on demurrer to the plaintiff's replication to the defendant's plea. Demurrer overruled.

The petition prayed for the appointment of commissioners to inquire into the necessity of certain highways, which it was alleged the selectmen of the defendant town had laid out across the petitioner's land, without giving notice or paying damages. The defendant's plea set forth that there was "not any record of the said supposed laying out of said highways." The replication alleged that there was a record of the laying out, &c.; and set out a copy of the petition to the selectmen, and of the proceedings of the selectmen, certified by the town clerk. The petition contained the following:

"That you open and cause to be worked and made passable and acceptable the street in the village of Winooski, known as East St., which runs from Allen St., southerly past the present residence of Geo. M. Duncan, to its termination, as described in the survey of streets and lots accepted and adopted by the Burlington Mill Co., by a vote to that effect on the 19th day of March, 1838, and recorded in the land records of Colchester, Vt., in vol. 9, on page 35 to 41."

The selectmen's order contained the following: "We met at the town clerk's office, at two o'clock, P. M., September 8, 1883, agreeably with said notification, and adjourned to the office of the Winooski Lumber and Water Power Co. After hearing the parties interested, and duly examining the premises, we decided and so adjudged, that the public good and the necessity and convenience of individuals required the opening of East Street and Canal Street, agreeably with the survey, which is recorded in volume 9, on page 35 of the land records of said town of Colchester, Vt. And we do hereby order all parties, to wit: The Winooski Lumber and Water Power Co., through its manager, J. F. Leonard, and Thomas Gudue, who have fences, lumber, buildings, logs, wood, &c., which obstruct said East Street and Canal Street, to remove the same within six months from the date hereof. And we do hereby order that said East Street and Canal Street be worked and opened for use to the public agreeably with the survey of said East Street and Canal Street, which survey is recorded in vol. 9, on page 35 of the land records of said town of Colchester, Vt., by the 1st day of April, 1884."

The said order purported to have given notice to the parties interested. A part of the record of the survey referred to was: " 3. A street to be called Canal Street fifty feet in width parallel to Center Street, and 144 6-10 feet southwardly (perpendicular distance) therefrom, and running from Follett Street to lands late of Moses Catlin."

*Wales & Wales*, for the defendant, cited R. L. ss. 2921, 2940; *Penniman* v. *St. Johnsbury*, 54 Vt. 306; *Hogaboon* v. *Highgate*, 55 Vt. 412; *Crawford* v. *Rutland*, 52 Vt. 412; and argued, that no highway had been laid out; (1) because no legal survey had been made: R. L. ss. 2918, 2923, 2924; (2) because the claim for damages had not been considered : R. L. s. 2922; (3) because the street was less than the statutory width : R. L. s. 2915; (4) because the *termini* of the streets are uncertain : *State* v. *Leicester*, 33 Vt. 653; *Hinckley* v. *Hastings*, 2 Pick. 162.

*O. P. Ray*, for the petitioner.
The judgment of the County Court will not be reversed, unless this court would have granted a writ of *certiorari* for the same cause.

Such writ has been uniformly denied by this court unless substantial injustice has been done. R. L. s. 1387; *Orcutt* v. *Hartland*, 52 Vt. 612; *Gray* v. *Middletown*, 56 Vt. 55. The adoption of the old survey was well enough. *Milford's Petition*, 37 N. H. 57; *Hall* v. *Manchester*, 39 N. H. 303; *Kidder* v. *Jennison*, 21 Vt. 108.

The opinion of the court was delivered by
VEAZEY, J. The demurrer to the replication raises the question whether the action of the selectmen as recorded in the town clerk's office, in connection with the recorded survey of the highways in question under the dedication in 1838, all as set forth in the replication, shows a record of the laying out of said highways, or was only an order of removal of obstructions from existing highways. Counsel

agree that if it shows the former, the County Court had jurisdiction; if the latter, that court had no jurisdiction, the statute not having provided for a petition to the County Court in the nature of an appeal in the case of an order of removal of obstructions. *Hogaboon* v. *Highgate*, 55 Vt. 412.

In the application to the selectmen the petitioners used the word "open" instead of the words of the statute "lay out"; and in the order of the selectmen they adopted the same form of expression used in the petition. We do not think the precise words of the statute are essential in order to constitute a "laying out" of a highway. An equivalent expression is proper and as effectual, where the purpose is, as indicated by the order as a whole, to lay out a highway.

We also think the provision of section 2923 R. L., requiring a survey to be made when the selectmen lay out a highway, would be complied with by reference to and adoption of a recorded survey, as was done in this case. *Milford's Petition*, 37 N. H. 57; *Hall* v. *Manchester*, 39 N. H. 303.

We do not think the right to bring this petition, being in the nature of an appeal, is destroyed by failure of the selectmen to follow the statutory requirements as to width of the highway, or to make the *termini* certain and definite.

The formality of the proceedings accords with those usually adopted in laying out a highway, and is unusual in proceedings for removal of obstructions from an existing highway. The phraseology of the order is appropriate to the latter purpose, but equally appropriate to the former,— especially in view of the dedication previously made. That part of the proceeding, in the laying out of a highway, which constitutes the taking of the land and tendering the land damages, had been anticipated by the action of the land owner. He had dedicated the land and had caused a survey to be made and recorded. Thereupon the selectmen upon petition and hearing as in the laying out of a highway "decided and adjudged that the public good and the

necessity and convenience of individuals required the opening of East Street and Canal Street agreeably with the survey," &c.; and ordered fences and other obstructions named to be removed, giving six months time as required,— R. L. s. 2926,—and then ordered said streets to be "worked and opened for public use," by a time named after the expiration of the six months.

Instead of accepting the dedication as commonly done by working and using the streets, the selectmen proceeded, as we think, to "lay out" the streets or highways under the statutes in that behalf, but standing upon the dedication as proffered in 1838, as still open for acceptance and as constituting an assent of the land owner and waiver of land damages and thereby removing all occasion for notice or hearing on the question of land damages.

Whether there was a dedication still binding upon the present land owner, is a question which we do not pass upon.

We only hold that the proceedings of the selectmen as recorded, taken with the recorded survey adopted by them, as set forth in the replication to which we are restricted, show a record of a "laying out" of the highways in question.

Judgment affirmed and cause remanded to be proceeded with.