**Reba Gardner v. Town of Ludlow, Donald Devereux, Richard Tilton, Oliver Tucker, Jr., Herbert Van Guilding, and Reno Karvonen, individually and as Selectmen of the Town of Ludlow**

[369 A.2d 1382]

No. 149-75

Present: **Barney, C.J., Daley, Larrow and Hill, JJ. and Keyser, J.** (Ret., Specially Assigned)

Opinion Filed February 1, 1977

*Michael F. Ryan*, Rutland, for Plaintiff.

*Marguerite R. Shreve* and *Garfield H. Miller* of *Black & Plante*, White River Junction, for Defendant Town of Ludlow.

**Larrow, J.** Plaintiff, a resident landowner in the Town of Ludlow, brought suit in 1972 against that Town and the several individual defendants, at one or another time its selectmen, alleging illegal construction of a highway across her property, seeking restoration of the premises, a permanent injunction against continued use, and monetary compensation, including treble damages for wilful destruction of trees. Following trial by court in 1975, a judgment order was entered establishing the road in question, to its present use to a width of 1-1/2 rods, as a public highway, and giving judgment against plaintiff on all issues. Her subsequent motion under V.R.C.P. 59, asking in the alternative for new trial, new findings and conclusions, taking of additional testimony, or entry of judgment in her favor, filed

with supporting affidavits, was denied by the court without hearing. She appeals.

■ Plaintiff assigns in general two claims of error. Her first claim is that the Town acted without jurisdiction and contrary to statutory authority; her second is that the trial court erred in denying her motion for new trial without a hearing.

The statute involved is 19 V.S.A. § 36. It reads as follows:

§ 36. Determining highway boundaries.

When the survey of a highway has not been properly recorded or the records preserved, or, if terminations and boundaries cannot be ascertained, the board of selectmen may use and control for highway purposes one and one-half rods each side of the center of the traveled portion thereof.

The only prior survey of the road in question was made in 1822, and the evidence was virtually uncontradicted that it was impossible to locate the various landmarks referred to therein, with the possible exception of a cellar hole near the northern end of the road as improved, which may or may not have been in existence in 1822. When the Town proceeded to repair the road in 1970 there were no defined boundaries. That it used only about one-half the width it was entitled to cannot avail the plaintiff, whose action sounds in trespass. Where the termination and boundaries of the old survey could not be ascertained, and there had been no prior re-survey, as here, the quoted provisions of 19 V.S.A. § 36, *supra*, become applicable. *Savard* v. *George*, 125 Vt. 250, 254-55, 214 A.2d 76 (1965). But the trial court specifically found that the present location of the road and that described in the 1822 survey order were not the same, so the judgment below is not supportable, as the Town claims, under 19 V.S.A. § 36.

The trial court, however, did not rely upon that statute, but on the theory of dedication and acceptance. The judgment may be supported on that theory.

■ There was ample evidence to justify the trial court's findings of dedication, by public usage as far back as 1900, by horses, wagons, trucks, tractors and pedestrians. Plaintiff's own chain of title contained references, in her westerly bound, to "the center of a stone wall on the westerly side of the highway leading to the land of William P. Bixby." A part of the road found by the court runs on the easterly side of this wall, and some fence was

also found along the east side of the road. It is shown on a 1962 State Highway map as an untravelled highway, rather than a private road. And, from her acquisition of title in 1957 to the making of the repairs in 1970, plaintiff made no objection to the use or maintenance of the highway. The finding of dedication is amply supported. *Town of Woodstock* v. *Cleveland*, 125 Vt. 510, 512, 218 A.2d 691 (1966); *Town of Springfield* v. *Newton*, 115 Vt. 39, 50 A.2d 605 (1947).

It is, of course, true that public usage and dedication by the owner cannot impose a duty to repair without acceptance by the proper town authorities. Highways cannot be forced upon a town in this fashion. *Town of Springfield* v. *Newton, supra.* Here, however, the Town not only admits such acceptance but raises it in defense against plaintiff's action. Moreover, such acceptance may be inferred from the facts testified to and found.

> But such acceptance and adoption may be inferred from evidence that the town acting through the proper officials has voluntarily assumed the burden of maintaining the road and keeping it in repair, and where it is found that labor or money has been expended and repairs made thereon the conclusion is justified that the town has recognized the public character of the road and that it is a highway.

*Town of Springfield* v. *Newton, supra,* 115 Vt. at 44-45. The fact of acceptance, as found, is supported by the testimony of prior repairs and maintenance, putting stop signs at the end, and including the road as an untravelled road in the 1962 State Highway Map. A seemingly contrary result in *Town of Springfield* is reached only because the controversy there was about a bridge, the repair of which by a road commissioner had to be authorized under then P.L. 4879, as amended, (now 19 V.S.A. § 952) by written authorization from the selectmen, recorded in the town clerk's office. No such written authorization is required for road repairs and maintenance generally, and the doing of them is evidence from which acceptance may be inferred. The court's judgment order is fully supported by the evidence and the findings.

Remaining for our consideration is plaintiff's claim that the court erred in denying without hearing her motion under

V.R.C.P. 59. We note at the outset that the motion itself does not set forth any grounds for the relief sought. It leaves the court to sift through the accompanying affidavits to discover the grounds, if any. Dismissal of the motion for this reason alone would have been justified, since V.R.C.P. 7(b)(1) expressly requires that it "state with particularity the grounds therefor."

The court went further, however, than it was required to do. It determined that the original Findings and Conclusions should not be modified or changed, particularly in light of the fact that plaintiff had some 2-1/2 years between suit and hearing to accumulate her evidence. This conclusion was fully justified. We had occasion to consider the scope of Rule 59 in *State Highway Board* v. *Jamac Corp.*, 131 Vt. 510, 310 A.2d 120 (1973), and there stated:

> The defendants Feuer objected to the additional evidence in that it did not, in their view, meet the test of newly discovered evidence.
>
> Although we construe Rule 59 as having a somewhat broader scope than that test, which is more fittingly applied to V.R.C.P. 60, we do not accept the Jamac proposition that Rule 59 is a mere device for putting additional evidence before the trial court. Its purpose is, in line with most discretionary privileges of a trial court, directed at preventing a miscarriage of justice and allowing corrective action to that end to be taken promptly at the trial court level before review. Thus, the presentation of new evidence need not be allowed the merely dilatory, and ought not to be allowed to the prejudice of another party. [*Id.* at 516-16.]

Examination of most of the affidavits discloses that they fall clearly within the scope of the "merely dilatory." Several of them contradict in part, none in the whole, the Town's evidence of usage and maintenance. Why these witnesses suddenly appeared after 2-1/2 years that the case was pending before hearing is not explained, except for plaintiff's claim as to one, that she thought her brother was incompetent to testify for her. There is not even an allegation that she was so advised by counsel. Nor are there any claims advanced of fraud, accident or mistake. Except for one affidavit referring to an event after trial, the matters covered were purely cumulative to evidence adduced at trial, and quite evidently, in the judgment of the court, not so controlling or

persuasive as to make it reasonably probable a different result would be reached. That being so, the trial court was justified in denying the motion as it related to these affidavits. *Johnson* v. *Rule*, 105 Vt. 249, 254, 164 A. 681 (1933); *Ripchick* v. *Pearsons*, 118 Vt. 129, 100 A.2d 573 (1953).

One affidavit purported to relate an after trial statement by one of the Town's principal witnesses that he "might have done a little [lying] on the stand." Apart from the vague nature of this alleged admission, the affidavit failed to relate it to any material issue, and was at best merely admissible for impeachment. With impeachment its only claimed effect, the evidence was not grounds for a new trial. *G. & H. Holding Co.* v. *Dutton*, 118 Vt. 406, 110 A.2d 724 (1955). There is nothing in the affidavit which reaches the merits of the controversy, to bring it within the exception to the impeachment rule. *Bradley* v. *Kelley*, 105 Vt. 478, 168 A. 554 (1933).

This is not to say that we generally approve the denial, or the granting, of a motion under V.R.C.P. 59 without a hearing. To the contrary, we view it as the better practice to accord such hearing unless the motion is patently frivolous or totally lacking in merit. We would, in the first instance, have accorded plaintiff here such a hearing. But, as we have frequently pointed out, not all error reaches proportions requiring reversal; prejudice must appear. *Champlain Valley Exposition, Inc.* v. *Village of Essex Junction*, 131 Vt. 449, 309 A.2d 25 (1973); *Crawford* v. *State Highway Board*, 130 Vt. 18, 285 A.2d 760 (1971); V.R.C.P. 61 and Reporter's Notes thereto. The motion did not state with particularity the grounds relied upon; an examination of the submitted affidavits, not strictly required where the motion states no grounds, reveals only matters easily discoverable before trial; there was no excuse for lack of diligence; and proffered "new" evidence went only to corroboration or impeachment. We hold that plaintiff has not sustained her burden of showing that her substantial rights were affected by the ruling of the trial court.

*Judgment affirmed.*