Joseph L. Druke and Dorothy K. Druke v. Town of Newfane, et al.

[409 A.2d 994]

No. 299-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Robert D. Rachlin* and *Debra A. Martin* of *Downs, Rachlin & Martin,* South Burlington, for Plaintiffs.

*Kristensen, Cummings, Rosi & Murtha* and *Crispe & Crispe,* Brattleboro, for Defendant.

**Daley, J.** The plaintiffs own land in the town of Newfane that is adjacent to a popular swimming hole, known as the Williamsville swimming hole. Since 1971, the plaintiffs have objected to the indiscriminate use by the general public of an access route across their land to the swimming hole. In 1973, they instituted this civil action against the defendant-appellees to declare invalid the public right of way claimed by the defendants, or, in the alternative, to enjoin the indiscriminate use of the access by the general public. In their answers, the defendants claim to have acquired a right to use the access, either by dedication or by prescription.

The case was submitted to the court upon facts stipulated to by the parties. Upon the pleadings and stipulated facts the trial court made findings and conclusions. The court concluded that a dedication had been established, and that the public is therefore entitled to use the access route to reach the water's edge. The plaintiffs appeal from the judgment order in defendants' favor, and defendant town cross-appeals from the failure of the trial court to find a prescriptive right of way.

Plaintiffs' principal contention is that the findings do not support the trial court's conclusion of dedication. The findings themselves are not challenged here, and therefore they are binding. The court's conclusions must stand if the findings of fact fairly and reasonably support them. *Dessureau* v. *Maurice Memorials, Inc.,* 132 Vt. 350, 353, 318 A.2d 652, 654 (1974). We affirm the trial court's judgment for defendants on the ground of dedication, and therefore we need not pass on defendant town's cross-appeal.

█ Dedication is the setting apart of land for public use, either expressly or by implication of law. It may be shown by the owner's writings, affirmative acts, acquiescence in public use, or some combination thereof, so long as the owner's intent to dedicate clearly appears. *Town of Springfield* v. *Newton,* 115 Vt. 39, 43, 50 A.2d 605, 608–09 (1947); *Middlebury College* v. *Central Power Corp.,* 101 Vt. 325, 339, 143 A. 384, 389 (1928); *Gore* v. *Blanchard,* 96 Vt. 234, 238–39, 118 A. 888, 890 (1922).

The court found that the earliest evidence of the access route is Beers' *Atlas of Windham Co. Vermont,* dated 1869. At page 25, the course followed by the route is marked by dotted lines. Although no legend specifies the import of these markings, dotted lines in other parts of the atlas are used to delineate fixed routes. From at least 1912 until this dispute arose, the general public regularly used a route that closely corresponds to the route marked in the atlas to get to the water for diverse purposes, including swimming, fishing, boating, skating, picnicking, drawing water for farm animals, and cutting ice. Also from 1912 until some time in the thirties, the town used the route to get gravel from the stream bed for the purpose of repairing town roads. This gravel was also used to fill holes in the route. The owners, John W. and Fanny C. Williams, never objected to any of these activities. The Williamses operated a dam and grist mill on the property in question until the mill was damaged and partly washed away in the hurricane of 1938. After they sold the property in 1943, Mr. Williams, aided by members of the general public, continued to maintain the dam.

The court further found that the right of way has been used as a fire lane since 1949. In the early sixties, when the town acquired a loader and a fire truck capable of drawing water from the stream, the town began regular snow removal from the disputed way. This continued until 1971, when the plaintiffs first objected to the indiscriminate public use of the access route.

Finally, the court made findings concerning the deeds by which the property in question passed. The 1943 deed from the Williamses to Fitzmorris states:

Being the Williams Grist Mill property, so called . . .; but reserving from this conveyance the dam and water power rights formerly pertaining to said mill and a right of access thereto across premises herein conveyed for the grantors, their heirs and assigns and the public generally. . . .

The 1968 deed, by which plaintiffs took from Fitzmorris, contains a similar provision:

Excepting and reserving from the operation of this deed, the right of access across premises herein conveyed for John W. Williams and Fanny C. Williams, their heirs and assigns, and the public generally.

The above findings fairly and reasonably support the trial court's conclusion that there was a dedication. In their brief and at oral argument, plaintiffs have contended that the findings demonstrate mere acquiescence in the public use, and that this is not evidence of an intent to dedicate. We do not agree. Long acquiescence in user by the public, if the attending circumstances clearly indicate an intent by the owner to devote the land to public use, is evidence upon which a dedication may be predicated. *Town of Springfield* v. *Newton, supra*, 115 Vt. at 44, 50 A.2d at 609; *Gore* v. *Blanchard, supra*, 96 Vt. at 239, 118 A. at 890. The allowance by the owners of repairs at public expense is one circumstance that strongly tends to show the intent to dedicate. *Town of Springfield* v. *Newton, supra; Folsom* v. *Town of Underhill*, 36 Vt. 580, 586 (1864). Here, we have evidence of such repairs starting in 1912. Furthermore, in this case we not only have some thirty years of unopposed user over the disputed route prior to 1943, but an atlas indicating that the route existed as early as 1869. These findings clearly support a conclusion that there was an intent to dedicate the way used.

There has been some discussion about the technical use of the words "excepting" and "reserving" in the deeds. Plaintiffs argue that a reservation cannot create an interest in a stranger to the deed, and that an exception is effective only to confirm a pre-existing right, but not to vest any title or interest in a third person. See *Tallarico* v. *Brett*, 137 Vt.

576

52, 59, 400 A.2d 959, 964 (1979); *Toussaint* v. *Stone,* 116 Vt. 425, 427–28, 77 A.2d 824, 826 (1951). Therefore, the argument runs, the deeds created no interest in the public. We agree that no interest in the public was *created* by the deeds, but we find that the court properly concluded that the deeds both *recognized* a pre-existing interest in the public created by dedication, and that the deeds are *further evidence* of the intent to dedicate. *State* v. *Trask,* 6 Vt. 355, 364, 27 Am. Dec. 554, 555 (1834).

■ Dedication, however, is not complete without an acceptance, which, like the offer to dedicate, may be express or implied. *Gardner* v. *Town of Ludlow,* 135 Vt. 87, 90, 369 A.2d 1382, 1384 (1977) ; *Middlebury College* v. *Central Power Corp., supra,* 101 Vt. at 339, 143 A. at 389; *County of Bennington* v. *Town of Manchester,* 87 Vt. 555, 557, 90 A. 502, 503 (1914). This is because dedication is actually a form of estoppel in pais, in which the offer by the owner is the representation, and the use by the public is the reliance that completes the estoppel. *Middlebury College* v. *Central Power Corp., supra.* In this case, the dedication was accepted prior to 1943 by gravelling the road at town expense, and by extensive use in recognition of the right conferred by the dedication. Road repairs and maintenance by the town is evidence from which acceptance may be inferred. *Gardner* v. *Town of Ludlow, supra,* 135 Vt. at 90, 369 A.2d at 1384; *Town of Woodstock* v. *Cleveland,* 125 Vt. 510, 512, 218 A.2d 691, 693 (1966) ; *Town of Springfield* v. *Newton, supra,* 115 Vt. at 44–45, 50 A.2d at 609. Similarly, use of land by the public for the purpose for which it was dedicated is in law equivalent to an acceptance. *Shanks* v. *Whitney,* 66 Vt. 405, 413, 29 A. 367, 369 (1894).

■ Although defendants' right was perfected by 1943, subsequent acts support the conclusion that acceptance occurred. The use of the road as a fire lane since 1949, and the accompanying snow removal at town expense, show the town's continuing and active interest in this route. Lastly, as in the *Gardner* case, the town not only admits acceptance, but raises it in defense to plaintiffs' action. *Gardner* v. *Town of Ludlow, supra,* 135 Vt. at 90, 369 A.2d at 1384.

Since the findings of fact and conclusions of law support the judgment, the entry will be affirmed.

*Judgment affirmed.*