## Bruce and Pauline SMITH v. TOWN of DERBY, et al.

[742 A.2d 757]

No. 98-348

October 18, 1999. Plaintiffs, Bruce and Pauline Smith, appeal from a decision of the Orleans Superior Court holding that a bridge to plaintiffs' property and home had not become a town road by virtue of dedication and acceptance. Plaintiffs appeal, arguing that as a matter of law, the Town of Derby has accepted the bridge as

a public road, and that the trial court relied on erroneous factors in reaching a contrary conclusion. We affirm.

The bridge in question spans the Johns River and allows automobile access only to plaintiffs' property. It was built in the 1950's, but the court was unable to find who built it. Through its road commissioner, the Town provided some maintenance of the bridge in the 1960's, and in 1973, the selectmen approved rebuilding the bridge at town expense. Minutes of a selectmen's meeting in August 1973 state that the "present board feels that a precedent has been created, therefore the selectmen will honor the past decisions and will rebuild and maintain the bridge in the future." The minutes add: "This in no way obligate the town to maintain the drive leading to the bridge summer or winter." The Town repaired and rebuilt the bridge on a number of occasions since 1993, but refused to rebuild it in 1996, when the bridge sank and water ran over it, making it unsafe for vehicle travel.

In refusing to repair the bridge, the Town noted that (1) it served only one residential lot; and (2) the road over the bridge was entirely private from its intersection with a town highway to the bridge, and thereafter until it reached plaintiffs' home. Plaintiffs maintained the road, including plowing it and the bridge, during the winter months. The bridge did not appear on the map of town roads. The court relied on these facts in ruling that the Town had not accepted the bridge as part of the town highway system, and, therefore, was not legally obligated to rebuild it.

The issue of whether there has been a dedication and acceptance is a mixed question of fact and law. See *Town of Springfield v. Newton*, 115 Vt. 39, 47, 50 A.2d 605, 610 (1947). The fact-finder must determine the "essential facts," and the court must decide whether those facts meet the legal standard. *Id.* In this case, the superior court was the finder of fact

and made the determination whether those facts met the legal standard for dedication and acceptance.

To make a road a public highway by dedication and acceptance, there must be both a dedication by the private owner and an acceptance of that dedication by the town. See *Okemo Mountain, Inc. v. Town of Ludlow*, 164 Vt. 447, 454-55, 671 A.2d 1263, 1269 (1995). A bridge may be dedicated and accepted as a public highway. See *Newton*, 115 Vt. at 43, 50 A.2d at 608.

The parties agree that there has been a dedication, but dispute whether the Town has accepted that dedication. To constitute acceptance, there must be both an act of acceptance and an intent to accept the dedication. See *Okemo Mountain, Inc.*, 164 Vt. at 455, 671 A.2d at 1269. The intent to accept "may be inferred from evidence of assuming the burden of maintaining the road." *Id.* Intent "is a question of fact." *Id.*

The trial court found that plaintiffs failed to show that the Town, through its selectmen, intended to accept the dedication, and we cannot conclude that this finding was clearly erroneous. See *Bissonnette v. Wylie*, 166 Vt. 364, 370, 693 A.2d 1050, 1055 (1997) (factual findings not disturbed unless clearly erroneous). Although the court could infer acceptance from maintenance and repair, it was not required to do so. Town highways were "exclusively maintained by the towns," 19 V.S.A. § 301(7); see also *id.* § 303 (town highways "shall be under the general supervision and control of the selectmen of the town"), but routine maintenance of the bridge, like snow removal, was performed by plaintiffs. It makes no sense to have a public bridge be accessible only through a private road. Thus, there is no evidence of public use of the bridge. If anything, under plaintiffs' theory, the bridge must be a class 4 highway. The Town's obligation to maintain a class 4 road is limited by the "necessity of the

town, the public good and the convenience of the inhabitants of the town." 19 V.S.A. § 310(b). Here, neither necessity nor public good support maintaining a bridge for the sole use of the owners of one parcel of land and their invitees.

We also agree that the selectmen's 1973 resolution does not show acceptance as a matter of law. The resolution is internally inconsistent because the selectmen accepted an obligation to make structural repairs to the bridge, but continued to call it a "private bridge." Moreover, they refused such summer and winter maintenance of the road that would make the bridge accessible to the public.

Plaintiffs fault the trial court for its choice of factors to consider and its findings on repair of the bridge. On the latter point, they argue that the court's finding that repair of the bridge by the Town was not "continuous" is clearly erroneous, especially in view of the subsidiary findings. The court's finding on continuity was not to suggest, as plaintiffs argue, that the court found that there were instances when the Town would not repair the bridge. Instead, the court found that each repair instance required a separate discussion and decision of the selectmen, a process inconsistent with acceptance as a public highway. As to the factors the court considered, each one, or its opposite, has been used by this Court in earlier cases. See *Gardner v. Town of Ludlow*, 135 Vt. 87, 90, 369 A.2d 1382, 1384 (1977) (acceptance is supported in part by placement of road on state highway map); *Druke v. Town of Newfane*, 137 Vt. 571, 576, 409 A.2d 994, 996 (1979) (acceptance shown in part by public usage in reliance on the dedication); *Newton*, 115 Vt. at 45, 50 A.2d at 609-10 (although bridge provides access only to one business, up to twenty-five cars a day cross the bridge, and return, without going to the business).

*Affirmed.*

**Johnson, J.,** dissenting. I respectfully dissent. For years we have stated that acceptance of a road by a town may be inferred from evidence that the town, acting through its proper officials, has voluntarily assumed the burden of maintaining a road. *Town of Springfield v. Newton*, 115 Vt. 39, 43-44, 50 A.2d 605, 608-09 (1947). By allowing acceptance to be inferred, we resolved the problem that is in evidence here, i.e., that later select boards will balk at continuing to repair roads, or in this case, a bridge, at town expense as those expenses increase, despite the fact that the road or bridge has actually been accepted de facto by a lengthy course of conduct.

Today's opinion rejects the law of *Newton* by stating that the trial judge is not compelled to draw the inference of acceptance, even though the facts were particularly strong in this case. The bridge was built in 1957 and has been repaired by the Town a number of times. The trial court found that in the 1960's the Town made necessary repairs such as replacing planking and gravel. The court further found that in 1973 the Town rebuilt the bridge almost entirely, at its own expense. Minutes of the select board meeting in August 1973 record that "the selectmen will honor the past decisions and will rebuild and maintain this bridge in the future." For twenty years, later boards behaved as though they were bound to maintain the bridge. In September 1987, the board voted to repair the railing on the bridge. In Fall 1989, the Town road crew made further repairs to the planking and railings. In September 1993, the Town board voted again to repair the bridge. And in 1995, plaintiffs were contacted by the chairman of the Town board who told them the Town had budgeted for further repairs. Finally, at the board meeting on April 1, 1996, the bridge was discussed again. Page two of the minutes of that meeting contains the entry: "Mr. Orr wants to condemn the Bruce Smith Bridge. This is a town maintained bridge that connects to a private drive. There is

an obligation by the Town to fix this bridge. This commitment was made by the Select Board in 1984." The board then obtained an estimate of the cost of repairs and, at that point, decided not to repair the bridge because it was too expensive.

Although the forty-year history of repairs in this case is so strong as to make me find that an inference of acceptance is compelled, this case does not require an inference of acceptance to be drawn. The Town made an explict commitment, noted in the minutes of the board meeting in August 1973, to "rebuild [the bridge] and continue maintenance in the future." Furthermore, in 1996, the board referred to having made a similar commitment in 1984. Although the select board did not use the word "accept," its intent could not have been clearer. It was not for later boards to set aside because the repairs became too expensive. The trial court found that the 1973 decision was ambiguous and therefore not an acceptance because the board added the caveat that the decision to rebuild and maintain the bridge in future would not "obligate the Town to maintain the drive leading to the bridge summer and winter." While I agree that it is unclear what "the drive" refers to, the board was accepting responsibility for the bridge in future.

The rationale of the majority opinion has nothing to do with our law and everything to do with whether it makes sense for the Town to maintain a bridge that goes to a single residence. But that was the Town's decision to make, and it made the decision affirmatively in 1973.* The

property owner has presumably relied upon it since then. Whether the decision was wise or in the public interest is not the issue. The mischief that is worked by the opinion is that road maintenance disputes, which are frequently between towns and residents who are stranded on little-used spurs, or on roads that lead to a single house, will now be decided on a "common sense" basis, rather than under our law of dedication and acceptance. Because I believe plaintiffs proved acceptance, I would reverse.

---

*The majority also makes the assumption that the bridge must be a class 4 highway and concludes that the Town may therefore choose to cease maintaining it, limited only by the necessity of the Town, the public good and convenience of residents. This issue was not raised before the trial court and was not a part of the trial court's decision; the trial court ruled that

---

there was no acceptance, and our review should be limited to that issue.