NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2026 VT 25

No. 25-AP-179

| | |
|---|---|
| John Gerlach and Debra Gerlach | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, Civil Division |
| | |
| Town of Chittenden | January Term, 2026 |

Alexander N. Burke, J.

Mark G. Hall[1] of Paul Frank + Collins PC, Burlington, for Plaintiffs-Appellants.

James F. Carroll and Kevin L. Kite of Carroll, Boe & Kite, P.C., Middlebury, for Defendant-Appellee.


PRESENT: Eaton, and Waples, JJ., and Barra and Richardson, Supr. JJ., and Cohen, J. (Ret.), Specially Assigned


¶ 1. **WAPLES, J.** Plaintiffs John and Debra Gerlach appeal from a trial court order granting defendant Town of Chittenden's motion for summary judgment on plaintiffs' claim seeking a declaration that the Town had no rights in a right-of-way across their property. The court concluded that the prior owners of plaintiffs' property dedicated the right-of-way for public use. On appeal, plaintiffs argue the court erroneously determined that plaintiffs' predecessors-in-interest demonstrated clear dedicative intent. We affirm the trial court's decision.

---

[1] William H. Meub and Andrew J. Snow of Meub Associates, PLC, filed plaintiffs' principal brief on appeal and withdrew before argument.

¶ 2.    A brief survey of the applicable legal doctrines is helpful to understanding the factual and procedural background of this case.  In Vermont, a public road may be established through statutory proceedings or by the common-law doctrine of dedication and acceptance.  See Town of Woodstock v. Cleveland, 125 Vt. 510, 512, 218 A.2d 691, 693 (1966); Okemo Mountain, Inc. v. Town of Ludlow Zoning Bd. of Adjustment, 164 Vt. 447, 454, 671 A.2d 1263, 1269 (1995).  At issue in this case is the doctrine of dedication and acceptance, which is "the setting apart of land for public use."  Kirkland v. Kolodziej, 2015 VT 90, ¶ 35, 199 Vt. 606, 128 A.3d 407 (quotation omitted).  A valid dedication and acceptance requires both proof of a landowner's intent to dedicate and proof of a municipality's acceptance of that dedication.  Id.; Town of S. Hero v. Wood, 2006 VT 28, ¶ 10, 179 Vt. 417, 898 A.2d 756 (providing dedication requires "both an offer to dedicate the land and an acceptance of that offer").

¶ 3.    Towns may categorize a public road into various classes of town highways or as a trail.  19 V.S.A. § 301(7), (8) (providing " 'town highways' are class 1, 2, 3, and 4 highways" and " 'trail' means a public right-of-way that is not a highway"); id. § 302 (clarifying meaning of class 1, 2, 3, and 4 town highways; trails, which "shall not be considered highways"; and unidentified corridors, which "are town highways").  Towns can discontinue, alter the location of, and reclassify highways in accordance with statutory procedures.  See id. §§ 708-714, 717 (setting forth procedures to lay out, discontinue, alter, or reclassify highways); see also id. § 701(2), (4), (9) (defining "altered," where "major physical change" occurs, such as change in width of road; "discontinued," where public rights in town highway are reconveyed to landowners; and "reclassify" meaning "to change the classification of a highway").

¶ 4.    The following facts are undisputed for purposes of summary judgment.  In the early 2000s, when plaintiffs' predecessors-in-interest, Stanley Fishkin and Nancy Marshall, owned plaintiffs' property, the Town began to assert that a right-of-way running east-west across the property was part of a town highway that had been established through two surveys recorded in

2

1796.[2] Predecessors, along with a neighboring landowner, filed an action against the Town and its officials, seeking declaratory judgment that no such public road existed. They argued that the 1796 surveys did not establish a public road in accordance with the statutory requirements in effect at that time or, alternatively, that even if a public road was properly established, it was discontinued in 1846.

¶ 5.    In 2006, the parties to that action executed and filed a settlement stipulation with the court. The "Background" paragraph of the stipulation set forth the Town's claim that a town "highway/road"—the 1796 Road—crossed the property, along with another alleged public road running north-south across the property, Mountain Spring Road. The stipulation provided that the Town would terminate or discontinue any rights the Town held in Mountain Spring Road from the property's southern boundary to the road's end. The stipulation then provided that the Town would alter and reclassify a section of the 1796 Road containing the disputed right-of-way:

> Location/alteration and reclassification of 1796 Road: Upon discontinuance of the Mountain Spring Road as provided above, Chittenden shall, within 30 days of that event, initiate the process, pursuant to 19 V.S.A. Chapter 7, of altering and reclassifying the 1796 Road . . . to a trail pursuant to 19 V.S.A. § 301[](8)(A). That section of the reclassified trail which crosses the [predecessors'] property and abuts the [neighbor's] property shall be used for hiking and other non-motorized recreational purposes. . . . Because the Town of Chittenden claims there is still a four rod wide town highway/road that continues to the east from the end of the survey to the Town of Pittsfield, the process that the Town of Chittenden must follow will require the participation of the three towns of Pittsford, Pittsfield and Chittenden. The Town of Chittenden shall take all reasonable steps within its power to complete the alteration and reclassification process and adopt any necessary ordinances in order to restrict the use of this trail as provided for in this Agreement as soon as reasonably possible. Upon final alteration and reclassification of the 1796 Road, the location of the trail shall be shown on future official town highway maps. The actual used portion of the trail may be located anywhere within the four rod right of way. The Defendants shall not endeavor to change the status of

---

[2] We refer to Stanley Fishkin and Nancy Marshall collectively as "predecessors." We refer to the alleged town highway as the "1796 Road," and we refer to the specific portion of the 1796 Road crossing the property as the "disputed right-of-way."

those sections of the 1796 Road within the [predecessors']
property . . . as a trail for non-motorized recreational uses for as long
as Stanley Fishkin and/or Nancy Marshall own the [predecessors']
property . . . . Chittenden may take such steps as are reasonably
necessary to maintain the used portion of the trail within the right of
way. The Town or its designee may place appropriate signage. The
Plaintiffs shall not object to this action and to the designation of the
1796 Road as a trail or any ordinance intended to restrict the use of
the trail as provided for in this Agreement, nor shall any of the
parties to this Agreement seek compensation in any reclassification
or alteration proceeding initiated to implement this Agreement. The
trail will be located as it passes the "meadow at Thomas hill" where
the centerline is located so as not to disturb the meadow.

¶ 6. The stipulation included several other provisions. As relevant here, it provided that upon signing the agreement, predecessors' claims would be dismissed without prejudice, but "following the successful completion" of the discontinuance of Mountain Spring Road and alteration and reclassification of the 1796 Road as a trail, the claims would be dismissed with prejudice. It also stated that the stipulation would be binding upon the parties as well as their "respective heirs, successors, and assigns." Attached to the stipulation was a map, prepared by a licensed professional surveyor retained by the Town, depicting the 1796 Road's location across the property and identifying where colored flags had been placed to mark its altered location.

¶ 7. Shortly after the stipulation was filed, the Town completed proceedings to discontinue Mountain Spring Road. In April 2008, the Town executed a formal survey of the disputed right-of-way, consistent with the map attached to the stipulation, to use during statutory alteration and reclassification proceedings. In September 2008, the Town of Chittenden, along with neighboring towns Pittsford and Pittsfield, held a public hearing as part of those proceedings. See 19 V.S.A. § 790 (permitting selectboards of two adjoining towns to reclassify highway if majority of selectboard members of each town assents). Predecessors' attorney attended the public hearing. Thereafter, the town selectboards issued a joint report finding that the public good, necessity, and convenience of the Town of Chittenden's inhabitants required the proposed alteration and reclassification of the 1796 Road from a highway to a trail. See id. § 710 (providing

following examination of premises and hearing, if "the public good, necessity, and convenience of the inhabitants of the municipality require the highway to be laid out, altered, or reclassified," highway shall be surveyed). According to the report, the 1796 Road had been altered and reclassified from a class 4 road into a public trail. Since 2010, all State highway maps for the Town of Chittenden have displayed the reclassified section of the 1796 Road as "Legal Trail No. 10," amended from its previous designation on maps as a town highway.

¶ 8.     In 2018, plaintiffs acquired the property through a warranty deed from predecessors. Plaintiffs initiated this lawsuit in 2023, seeking a declaration that the 1796 Road was never validly established as a town highway or, if it was validly created, then it was discontinued, and the Town had no rights or interests in the disputed right-of-way. Plaintiffs also sought injunctive relief consistent with the declaration. The Town counterclaimed, requesting declaratory relief that the disputed right-of-way was a legal trail and injunctive relief to enjoin plaintiffs, who were contractually bound by the stipulation, from contesting the trail's existence and barring public use of the trail. Both parties subsequently moved for summary judgment. In their summary-judgment motion, plaintiffs did not dispute that the relevant portion of the alleged town highway was established but argued it was discontinued such that the Town had no rights to it. The Town's motion reiterated its contract-based claim and separately asserted that the disputed right-of-way was established as a public trail by the common-law doctrine of dedication and acceptance.

¶ 9.     Following a hearing, the trial court granted the Town's motion for summary judgment under the doctrine of dedication and acceptance. The court concluded that the undisputed material facts showed that predecessors clearly and unequivocally intended to dedicate the disputed right-of-way to public use as a hiking trail, or the Town at least had the right to believe so. Assessing the stipulation, which was entered into after approximately two years of litigation, the court highlighted several of its provisions, including its repeated references to public use of the

5

disputed right-of-way. The court also emphasized predecessors' acquiescence to the statutory proceedings as proof of predecessors' intent to dedicate. The court further concluded that the Town accepted the dedication and that the Town completed the required statutory proceedings in November 2008. Due to its holding, the court did not address the merits of the Town's contract-law theory, and it denied plaintiffs' motion for summary judgment seeking a declaration that the 1796 Road was discontinued as moot. Plaintiffs appealed.

¶ 10. On appeal, plaintiffs argue the trial court improperly concluded predecessors dedicated a public right-of-way across the property.[3]

¶ 11. "We review a grant of summary judgment de novo, using the same standard as the superior court." Tillson v. Lane, 2015 VT 121, ¶ 7, 200 Vt. 534, 133 A.3d 832. We will affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a); see Bartlett v. Roberts, 2020 VT 24, ¶ 9, 212 Vt. 50, 231 A.3d 171. "An issue of fact is material only if it might affect the outcome." PeakCM, LLC v. Mountainview Metal Sys., LLC, 2025 VT 50, ¶ 28, __ Vt. __, 346 A.3d 444 (quotation omitted). "We resolve all reasonable doubts in favor of the party opposing summary judgment." Tillson, 2015 VT 121, ¶ 7.

---

[3] Because plaintiffs do not dispute the Town's acceptance on appeal, we only address whether predecessors demonstrated an intent to dedicate. See Wood, 2006 VT 28, ¶ 10 (explaining dedication requires "both an offer to dedicate the land and an acceptance of that offer").

Plaintiffs raised several new arguments in their reply brief for the first time. These include the effect of the stipulation's merger clause; the Court's rejection of the City of Montpelier's attempt "to circumvent statutory protections by characterizing cooperation with highway proceedings as dedication" in Demers v. City of Montpelier, 120 Vt. 380, 385, 141 A.2d 676, 680 (1958); the distinguishability of City of Montpelier v. McMahon, 85 Vt. 275, 81 A. 977 (1911) and Winooski Lumber & Water Power Co. v. Town of Colchester, 57 Vt. 538 (1885) from the instant case; the possibility that the statutory proceedings were void based on the status of the 1796 Road; and the effect of the stipulation's language limiting the Town's ability to challenge the status of the 1796 Road for "as long as" predecessors owned the property. However, "[w]e need not consider an argument raised for the first time in a reply brief." Robertson v. Mylan Lab'ys, Inc., 2004 VT 15, ¶ 2 n.2, 176 Vt. 356, 848 A.2d 310 (declining to consider plaintiff's challenge to trial court's ruling striking affidavits raised in her reply brief where plaintiff failed to raise argument in her principal brief). Accordingly, we decline to reach these arguments.

¶ 12.    Plaintiffs assert that the stipulation's plain language and predecessors' actions taken pursuant to the stipulation show only predecessors' intent to engage in statutory alteration and reclassification and do not demonstrate the requisite intent to dedicate.  We disagree.

¶ 13.    Here, the stipulation is a contract.  In standard contract interpretation, we look to the plain language of the contract and interpret "the parties' intent as expressed in the writing." Sutton v. Purzycki, 2022 VT 56, ¶ 37, 217 Vt. 326, 295 A.3d 377 (quotation omitted).  Where the terms are "clear and unambiguous," we enforce the terms as written and do not consider extrinsic evidence.  In re Welch, 2020 VT 72, ¶ 11, 213 Vt. 92, 239 A.3d 235; see Isbrandtsen v. N. Branch Corp., 150 Vt. 575, 577-80, 556 A.2d 81, 83-85 (1988) (explaining ambiguity exists "where a writing in and of itself supports a different interpretation from that which appears when it is read in light of the surrounding circumstances, and both interpretations are reasonable," in which case, court may rely on subordinate rules of construction and extrinsic evidence).

¶ 14.    However, no such restrictions limit our determination of whether a common-law dedication has occurred.  Dedication may be accomplished "either expressly or by implication of law."  Wood, 2006 VT 28, ¶ 10.  We merely assess whether the landowner demonstrated clear intent to dedicate, which is "[t]he essential element" for dedication.  Okemo Mountain, Inc., 164 Vt. at 455, 671 A.2d at 1269; see Gore v. Blanchard, 96 Vt. 234, 239, 118 A. 888, 890 (1922) (requiring "convincing and unequivocal" intent to dedicate).  Intent "may be established . . . in many ways, provided the intention of the owner, which is the foundation and life of every dedication, clearly appears."  Gore, 96 Vt. at 239, 118 A. at 890.  Accordingly, depending on the facts of a given case, we may ascertain dedicative intent from one factor or from a combination of factors.  Contrary to plaintiffs' argument, a written agreement does not supersede other factors or foreclose our consideration of them.  See Kirkland, 2015 VT 90, ¶ 35 (providing intent to dedicate may be demonstrated by "owner's writings, affirmative acts, acquiescence in public use, or some combination thereof, so long as the owner's intent to dedicate clearly appears" (quotation omitted)

7

(emphasis added)); Okemo Mountain, Inc., 164 Vt. at 455, 671 A.2d at 1269 (explaining landowner's "intent [was] evidenced in part in his deeds" (emphasis added)); see also Druke v. Town of Newfane, 137 Vt. 571, 574-75, 409 A.2d 994, 995-96 (1979) (affirming trial court's finding of dedication where court considered evidence that public accessed route, lack of landowners' objection to public use, use of right-of-way as fire lane, town's regular snow removal, and deeds by which property passed); Gore, 96 Vt. at 240, 118 A. at 890 ("The character of the property, the location of the road or street, the amount of travel, the nature of the use of the public, the rights asserted by the public, the knowledge of the owner and like circumstances are potent factors in ascertaining the intent of the owner."). Accordingly, we apply standard contract principles to interpret the stipulation, but we consider the stipulation as one factor alongside other factors outside its four corners. Notwithstanding the high bar required to declare a dedication, our review of the circumstances preceding the stipulation, the stipulation, and predecessors' conduct demonstrates predecessors' clear intent to dedicate the disputed right-of-way as a public right-of-way. See Gore, 96 Vt. at 239, 118 A. at 890 ("It is not a trivial thing to take another's land without compensation, and for this reason the courts will not lightly declare a dedication to public use." (quotation omitted)).

¶ 15. We first consider the circumstances surrounding the stipulation. The stipulation arose due to competing claims of interest in the disputed right-of-way, where the Town argued it was part of a town highway and predecessors claimed it was private. During the course of that dispute, predecessors chose not to continue to litigate their claim and settle with the Town. In other words, predecessors surrendered their claim that the disputed right-of-way was private, regardless of the status of the 1796 Road. In exchange for setting apart what they deemed private land as a public-use trail, they negotiated for several concessions from the Town, including its agreement to alter and reclassify a portion of the 1796 Road containing the disputed right-of-way.

8

¶ 16. Plaintiffs unpersuasively argue that, as a matter of law, dedication could not exist because the 1796 Road encompassing the disputed right-of-way was allegedly public, such that no setting apart of private land occurred. However, while the Town alleged the disputed right-of-way was a town highway, the relevant question in determining predecessors' intent is what predecessors gave up according to their perspective. Okemo Mountain, Inc., 164 Vt. at 455, 671 A.2d at 1269 (explaining landowner's intent is "[t]he essential element" of dedication); cf. Bixler v. Bullard, 172 Vt. 53, 58, 769 A.2d 690, 694 (2001) ("In determining what one party intended and the other ought to have understood, regard must be had to the situation and purpose of the parties, the subject matter and course of the negotiations." (quotation omitted)). Prior to the agreement, predecessors asserted that the Town had no rights in the 1796 Road and viewed the disputed right-of-way as private land. In ceding this claim of private ownership and permitting public use, they created what was, to them, a new public right-of-way across their property. See Gore, 96 Vt. at 239, 118 A. at 890 (explaining intent to dedicate must indicate "by plain implication, a purpose to create a right in the public to use the land adversely to him, and as of right").

¶ 17. Under these circumstances, the stipulation set forth various provisions, including a description of the Town's claims in the 1796 Road; the statutory proceedings the Town agreed to complete; and predecessors' obligations while the terms of the stipulation were being implemented—namely, to not object to the statutory proceedings or seek compensation for them. The stipulation provided for public use of the disputed right-of-way, stating that the "section of the reclassified trail which crosses the [predecessors'] property . . . shall be used for hiking and other non-motorized recreational purposes." It further required the preparation of a survey for statutory proceedings that was consistent with the relocated disputed right-of-way depicted in the map attached to the stipulation and the addition of the public trail to town highway maps. Plaintiffs

9

emphasize, and we agree, that these provisions demonstrate predecessors' intent to engage in statutory reclassification proceedings.

¶ 18.    However, we disagree with plaintiffs' claim that the stipulation's language, limited to the four corners of the document, demonstrates nothing more than an intent to engage in statutory proceedings.  For example, predecessors allowed the Town to enter onto predecessors' property and "take such steps as are reasonably necessary to maintain the used portion of the trail within the right of way."  Granting the Town maintenance authority of the disputed right-of-way is notable because, at the time the parties entered the stipulation, municipalities did not have statutory authority to maintain trails.  See 11 R. Lord, Williston on Contracts § 30:19 (4th ed. 2026) (expressing "parties are presumed to contract with reference to existing law").  The language of 19 V.S.A. § 302(a)(5) in effect when the stipulation was signed provided: "Trails shall not be considered highways and the town shall not be responsible for any maintenance including culverts and bridges."  2005, No. 178 (Adj. Sess.), § 1 (effective July 1, 2006).  The statute currently reads: "Trails shall not be considered highways.  A municipality shall have the authority to maintain trails but shall not be responsible for any maintenance, including culverts and bridges."  2025, No. 66, § 45 (effective Apr. 1, 2026) (amending statute to add municipal authority to maintain trails).  Allowing the Town to maintain the trail supports predecessors' intent to dedicate.  See Druke, 137 Vt. at 575, 409 A.2d at 996 ("The allowance by the owners of repairs at public expense is one circumstance that strongly tends to show the intent to dedicate."); see also Wood, 2006 VT 28, ¶ 9 (holding defendants' unwillingness to dedicate roadway was outweighed by evidence showing their intent to dedicate, namely their acquiescence in existence of road and acceptance of Town's efforts to maintain it); cf. 19 V.S.A. § 2702 (providing maintenance instructions for private roads where individuals who use private road contribute rateably to cost of maintaining private road).

¶ 19.    Plaintiffs maintain that because the stipulation does not include the word "dedicate" and demonstrates predecessors' intent to engage in statutory proceedings, we cannot conclude that

10

predecessors also evinced intent to dedicate. We reiterate that because we assess whether dedicative intent clearly emerges from a review of all factors, even if we agree with plaintiffs that the stipulation only demonstrates predecessors' intent to engage in statutory alteration and reclassification—which, as set forth above, we do not—that would not foreclose a conclusion that predecessors also demonstrated intent to dedicate. See Druke, 137 Vt. at 576, 409 A.2d at 996 (agreeing with plaintiffs that deeds did not create interest in public but holding deeds "recognized a pre-existing interest in the public created by dedication, and that the deeds are further evidence of the intent to dedicate"); see also Town of Springfield v. Newton, 115 Vt. 39, 43-44, 50 A.2d 605, 608 (1947) (explaining dedication "need not be evidenced by any writing or by any form of words"); Wood, 2006 VT 28, ¶ 11 ("Because dedication may be express or implied, the offer to dedicate need not come in the form of a writing or an affirmative act by the owner.").

¶ 20.    Plaintiffs' reliance on our decision in Smith v. Town of Derby, 170 Vt. 553, 742 A.2d 757 (1999) (mem.), to contend that both intentions cannot coexist is unpersuasive. In Smith, the parties agreed that the plaintiffs had dedicated a bridge leading to their property as a town road but disputed whether the Town accepted the dedication. In assessing the Town's acceptance, we observed that although the Town had provided maintenance to the bridge on various occasions, the plaintiffs continued to perform routine maintenance. Id. Additionally, we determined that requiring the Town to maintain the bridge would not make sense because the bridge only served the plaintiffs' property and was thus inaccessible to the public. Id. at 554-55, 742 A.2d at 759 (citing 19 V.S.A. § 310(b)) (explaining "neither necessity nor public good support maintaining a bridge for the sole use of the owners of one parcel of land and their invitees"). We rejected the plaintiffs' argument that the Town's selectboard had demonstrated acceptance because, while they made statements accepting responsibility to make repairs to the bridge, they continued to call it a "private bridge" and refused to maintain the road to make the bridge accessible to the public. Id. at 555, 742 A.2d at 759. We characterized the Town's actions as "internally inconsistent." Id.

11

Accordingly, we held that the plaintiffs failed to show the Town accepted the dedication. Id. at 554, 742 A.2d at 759.

¶ 21. Smith does not support plaintiffs' argument. First, in the instant case, the parties dispute whether there was a dedication, not an acceptance. Second, no such internal inconsistency appears. In contrast to the Town's actions in Smith, dedication and statutory alteration and reclassification do not inherently contradict each other; plaintiffs do not explain why we cannot glean an intent to dedicate alongside an intent to alter and reclassify. See id. at 554-55, 742 A.2d at 759 (describing Town's maintenance, indicating bridge's public nature, and reference to "private bridge" as inconsistent). Plaintiffs' argument rests on the theory that an allegedly public road cannot be dedicated, but the Town's claim that the 1796 Road—and the disputed right-of-way across the property—was public does not mean that it was, in fact, public. On these facts, predecessors clearly gave up their claim that the disputed right-of-way was private in the face of the Town's claim. This conclusion does not render statutory provisions under Title 19 meaningless, equate common-law dedication with statutory proceedings, or mean that any settlement of a highway dispute automatically creates a dedication. Because "intent is a question of fact," Wood, 2006 VT 28, ¶ 10 (quotation and brackets omitted), and "[w]here the evidence is conflicting, the question of dedication is one of fact," Okemo Mountain, Inc., 164 Vt. at 455, 671 A.2d at 1268 (quotation omitted), we assess dedicative intent on a case-by-case basis. See Gore, 96 Vt. at 240, 118 A. at 891 ("Use[] which will afford a presumption of intent to dedicate in some circumstances will not justify such a presumption in other circumstances.").

¶ 22. Plaintiffs also assert that predecessors' claims have not been dismissed with prejudice and that the Town has not fulfilled its obligations under the stipulation. Based on both the stipulation's language and predecessors' conduct, we disagree. While the stipulation provided that predecessors' claims would be dismissed without prejudice "upon signing this Agreement," it also specified that "following the successful completion of the" Mountain Spring Road

12

discontinuance and the 1796 Road reclassification and alteration, "the dismissal shall be with prejudice." The stipulation continued that the parties would exchange general releases "at the time that the dismissal for all claims asserted in these matters have been dismissed with prejudice." Plaintiffs allege this exchange never occurred; although we are not required to take this assertion as true, even if we do, the plain language of the stipulation does not require an exchange to effectuate the dismissal with prejudice. Cf. Mello v. Cohen, 168 Vt. 639, 641, 724 A.2d 471, 474 (1998) (mem.) ("[T]o defend against a summary judgment motion, a plaintiff cannot rely on conclusory allegations or mere conjecture."). Instead, it assumes the matters "have been dismissed with prejudice" already at the time of the exchange. The stipulation applied to both predecessors and their successors-in-interest, as it dictated that the terms of the stipulation "shall be binding upon the parties . . . and their respective heirs, successors, and assigns except as otherwise provided for herein." Taken together, the stipulation and its circumstances demonstrate that predecessors dedicated the disputed right-of-way on certain conditions; upon completion of those conditions, they agreed to dismiss their claims with prejudice and bound their successors—including plaintiffs—to the agreement.

¶ 23. While plaintiffs claim that the Town never successfully completed the statutory proceedings, predecessors' conduct indicated otherwise. See Gore, 96 Vt. at 239, 118 A. at 890 ("An implied dedication is one arising, by operation of law, from the acts of the owner."); Newton, 115 Vt. at 43-44, 50 A.2d at 608 (providing landowner's dedicative intent "may be either express or implied from the acts of the owner" and "may be shown by evidence of the owners' conduct"). Specifically, plaintiffs argue that monumentation of the reclassified trail was never completed, such that the Town did not fulfill its obligations "as soon as reasonably possible," as directed by the stipulation. See 19 V.S.A. § 704 (explaining that to alter highway, survey shall be made and marked with "permanent monument or boundary," describe right-of-way, and describe monuments and boundaries). This allegation is not supported by the record where the Town executed a formal

13

survey and presented it at the statutory proceedings. But even if we take the claim as true, we conclude that it is not a genuine issue of material fact. See PeakCM, LLC, 2025 VT 50, ¶ 28 (explaining "issue of fact is material only if it might affect the outcome" (quotation omitted)); Okemo Mountain, Inc., 164 Vt. at 452, 671 A.2d at 1268 (holding summary judgment was improperly granted where "factual issue [was] central to a resolution in this case"). Predecessors' attorney was present during the statutory proceedings, and predecessors never challenged the Town's fulfillment of the stipulation's requirements at any point during or after the proceedings, even when they reserved the right to bring another lawsuit if the Town failed to comply with the stipulation. Their complete lack of action demonstrated their understanding that the Town fulfilled its obligations under the stipulation.

¶ 24. Given the Town's reasonable belief that it had successfully reclassified the disputed right-of-way into a public-use trail based on predecessors' representations, the court described the Town's dedication argument as consistent with an equitable-estoppel defense. Plaintiffs mischaracterize the court's analysis as "reliance on the doctrine of equitable estoppel to support its finding of unequivocal dedicative intent." Plaintiffs then raise four elements that we have held are required for a party invoking equitable estoppel in other contexts and argue that none of the four elements have been fulfilled here. See Fisher v. Poole, 142 Vt. 162, 168-69, 453 A.2d 408, 411-12 (1982) (describing four elements party invoking equitable estoppel must establish, including that estopped party must know facts; estopped party must intend that their conduct be acted upon or party asserting estoppel has right to believe reliance was intended; party asserting estoppel must be ignorant of true facts; and party asserting estoppel must detrimentally rely on estopped party's conduct).

¶ 25. However, the court did not hold that the Town had established equitable estoppel or rely on such a holding in finding dedicative intent; indeed, it could not have done so, as the Town did not assert equitable estoppel as an affirmative defense. See V.R.C.P. 8(c) (categorizing

14

estoppel as affirmative defense and requiring party to affirmatively set forth and establish estoppel). Rather, the court acknowledged the relevance of the Town's reasonable beliefs because dedication is a form of equitable estoppel. See 26 C.J.S. Dedication § 2 (2026) (explaining common-law dedication operates "by way of an estoppel in pais or equitable estoppel"); Druke, 137 Vt. at 576, 409 A.2d at 996 ("[D]edication is actually a form of estoppel in pais, in which the offer by the owner is the representation, and the use by the public is the reliance that completes the estoppel."). As the Town detrimentally changed its position in reliance on predecessors' representations, the court reasoned it would be inequitable for plaintiffs to assert the trail does not exist. See Town of Newfane v. Walker, 161 Vt. 222, 226, 637 A.2d 1074, 1076 (1993) (explaining "theory underlying dedication is that owner-permitted use of private property by the public creates an estoppel in pais, that is, expectation of continued use that estops the owner from preventing it" (citation and quotation omitted)). Because the Town did not invoke the affirmative defense of equitable estoppel, and the court did not make any findings on whether the Town established equitable estoppel, we decline to reach plaintiffs' argument on this point. See Doe v. Camacho, 2024 VT 72, ¶ 40, 220 Vt. 226, 329 A.3d 156 (declining to reach equitable argument as not preserved for review where not presented below " 'with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it.' " (quoting State v. Ben-Mont Corp., 163 Vt. 53, 61, 652 A.2d 1004, 1009 (1994))).

¶ 26. Lastly, plaintiffs argue that the status of the 1796 Road encompassing the disputed right-of-way is relevant to whether there was a dedication because without a valid town highway connecting to the disputed right-of-way, the public cannot access the disputed right-of-way, such that the disputed right-of-way does not serve a public good. However, while consideration of the public good is relevant to whether a town has accepted a dedication, it is not relevant to whether a landowner intended to dedicate. See Smith, 170 Vt. at 555, 742 A.2d at 759 (explaining parties agreed dedication occurred but holding evidence failed to show Town's acceptance of dedication

15

of bridge that did not serve public good).  As explained above, in assessing whether a dedication exists, the landowner's intent to dedicate is "[t]he essential element," <u>Okemo Mountain, Inc.</u>, 164 Vt. at 455, 671 A.2d at 1269, regardless of whether any public good would result from the dedication.  See <u>Smith</u>, 170 Vt. at 555, 742 A.2d at 759.

¶ 27.    While we acknowledge the instant facts present some differences from other cases featuring dedication, those cases do not preclude our conclusion that dedicative intent was present here.  See <u>Druke</u>, 137 Vt. at 574, 409 A.2d at 996 (explaining dedication may be shown in several ways "so long as the owner's intent to dedicate clearly appears").  Plaintiffs have failed to show a genuine issue of material fact, and based on the undisputed facts, we conclude predecessors demonstrated intent to dedicate their private land as a matter of law.  V.R.C.P. 56(a).

<u>Affirmed</u>.

FOR THE COURT:

_____

Associate Justice

16