NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 49

No. 2020-273

| | |
|---|---|
| Island Industrial, LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Grand Isle Unit, |
| | Civil Division |
| | |
| Town of Grand Isle | April Term, 2021 |

Samuel Hoar, Jr., J.

Judith L. Dillon and Christina A. Jensen of Lisman Leckerling, P.C., Burlington, for
 Plaintiff-Appellant.

John H. Klesch of Stitzel, Page & Fletcher, P.C., Burlington, for Defendant-Appellee.


PRESENT:  Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.


¶ 1.     **CARROLL, J.**  Island Industrial, LLC, appeals a trial court decision granting the Town of Grand Isle's motion for judgment on the pleadings.  Island Industrial argues that the court erred in considering the Town's motion for judgment on the pleadings when Island Industrial spent time and resources responding to the Town's previously filed summary-judgment motion.  Alternatively, Island Industrial submits that the Town is not entitled to judgment on the pleadings because the allegations in the complaint, if proven, demonstrate that Island Industrial is entitled to mandamus relief.  For the reasons articulated below, we affirm.

¶ 2.     The allegations in Island Industrial's complaint, and the documents incorporated therein, indicate the following.[1]  In 2004, in connection with the development of a subdivision in Grand Isle known as Island Industrial Park, Island Industrial constructed a private road called Island Circle.  Island Circle consists of three segments, each approximately five-hundred feet in length, that intersect in the shape of a horseshoe.  In 2006, the Town entered into an agreement with Island Industrial, which provided that the Town would have no responsibility for the road.  The agreement, however, could be amended with the written consent and approval of the parties.

¶ 3.     In 2014, Island Industrial petitioned the Town to accept Island Circle as a public road.  During the summer of 2016, Island Industrial paved Island Circle.  Over the course of that same summer, the Town selectboard discussed Island Industrial's petition at several meetings, considering such things as safety, maintenance costs, and benefits to the Town.  In response to the Town's requests, Island Industrial provided the Town with engineering reports, including a statement of construction.  During an August 2016 meeting, the selectboard reported that Island Circle had been brought up to Town standards and certified by an engineer.  Nevertheless, the road commissioner suggested waiting two years before accepting the road to ensure the pavement held up during the winter months.

¶ 4.     At a September 2016 meeting, the selectboard, as recommended by the road commissioner, unanimously approved a motion to accept Island Circle as a public road after a two-year period to ensure the pavement would hold up during frost and thaw periods.  The selectboard accordingly directed the Town attorney to work with Island Industrial's attorney to amend the 2006 agreement.  Based on the Town's motion, Island Industrial executed an irrevocable offer of

_____

[1] "When the complaint relies upon a document such a document merges into the pleadings . . . ." Kaplan v. Morgan Stanley & Co., 2009 VT 78, ¶ 10, n.4, 186 Vt. 605, 987 A.2d 258 (mem.) (alterations omitted) (quotation omitted).

dedication, in which it agreed to execute and deliver deeds conveying Island Circle to the Town. The Town stored the offer and the deeds in its safe and vault.

¶ 5.    On June 25, 2018, Island Industrial received an email from the Town, explaining that a special meeting was being held two days later to discuss the Town's acceptance of Island Circle as a public road. During the special meeting, the selectboard adjourned to an executive session for a real estate discussion. The selectboard held another special meeting the following month, which Island Industrial did not receive notice of, where it went into executive session to discuss rescinding its 2016 motion to accept Island Circle as a public road. Following the executive session, the selectboard rescinded the 2016 motion and provided three reasons for its decision, all of which were memorialized in the meeting minutes: (1) Island Circle would only provide benefits to the Town in the future but not at this time; (2) the road would be expensive to maintain; and (3) safety concerns—namely, that Island Circle would be the last road plowed during snowstorms and a local business stored its propane there. A few days later, Island Industrial received a letter from the selectboard reaffirming that the Town rescinded the 2016 motion. The letter noted again the expense to the Town, the safety concerns, and the lack of benefit to the Town. It also offered additional reasons for rescinding than those discussed at the July selectboard meeting, and which had already been addressed to the selectboard's satisfaction when it unanimously approved the 2016 motion, including that the roadway serves a limited number of residents and would require guardrail installation, which would be an added expense.

¶ 6.    In August, Island Industrial appealed the selectboard's decision rescinding the 2016 motion pursuant to Vermont Rule of Civil Procedure 75 and asked the superior court to issue a writ of mandamus ordering the Town to accept Island Circle as a public road. Specifically, Island Industrial argued that it was entitled to relief because (1) the selectboard lacked authority to rescind the 2016 motion; (2) the 2018 decision to rescind was arbitrary and capricious; (3) Island Industrial reasonably relied and changed its position based on the selectboard's promise to accept Island

3

Circle as a public road; and (4) it was not provided notice of the July 2018 meeting where the selectboard rescinded the 2016 motion in violation of its due process rights.

¶ 7. In October 2019, the Town moved for summary judgment and the next month moved for judgment on the pleadings. Island Industrial filed separate responses to the Town's motions. In its opposition to the Town's motion for judgment on the pleadings, Island Industrial argued that because the Town initially filed a summary-judgment motion, which relied upon documents outside of the pleadings, the motion for judgment on the pleadings was "subsumed" within the pending summary-judgment motion. Alternatively, Island Industrial argued that the Town was not entitled to judgment as a matter of law and incorporated by reference the arguments made in its opposition to the Town's summary-judgment motion.

¶ 8. The court thereafter issued an entry order rejecting Island Industrial's argument "that the filing of a motion for summary judgment moots a later-filed motion for judgment on the pleadings." In fact, the court informed the parties that rather than wade into "the factual morass" of their summary-judgment filings, it would first address the Town's motion for judgment on the pleadings and it directed the parties to file supplemental briefing on the issues raised in the Town's motion.

¶ 9. In September 2020, the court granted the Town's motion for judgment on the pleadings. The court explained that Island Industrial sought a writ of mandamus, which is limited to requiring a public official or body to perform a simple ministerial duty imposed by law. Mandamus relief would be available to Island Industrial, the court reasoned, "if either (1) the 2016 [selectboard motion] imposed a ministerial duty on the 2018 [selectboard] to accept Island Circle as a public road; or (2) the 2018 [selectboard] engaged in an arbitrary abuse of power when it rescinded the 2016 [selectboard's] resolution, amounting to a virtual refusal to act or perform a duty imposed by law." As to the first ground, the court explained that the 2018 selectboard retained discretion either to accept or reject Island Circle as a public road because the pleadings did not

4

demonstrate that any rights had vested. In addition, the court concluded that the 2018 decision to rescind the 2016 motion did not amount to an arbitrary abuse of power because the selectboard's reasons for rescinding were not facially invalid. Although Island Industrial also asserted that it relied upon the 2016 motion, and therefore was entitled to a writ of mandamus based on a promissory-estoppel theory, the court concluded that the doctrine of promissory estoppel could not convert a discretionary municipal decision into a ministerial duty. Alternatively, the court concluded that the allegations in Island Industrial's complaint did not make out a promissory-estoppel claim. Finally, the court explained that it was not addressing Island Industrial's due process theory because Island Industrial conceded at the hearing that it could not prevail on that theory in a Rule 75 appeal.[2] Island Industrial appealed.

¶ 10. We review the trial court's decision granting judgment on the pleadings de novo. Doyle v. City of Burlington Police Dep't, 2019 VT 66, ¶ 4, 211 Vt. 10, 219 A.3d 326. The question "is whether, once the pleadings are closed, the movant is entitled to judgment as a matter of law on the basis of the pleadings." Messier v. Bushman, 2018 VT 93, ¶ 9, 208 Vt. 261, 197 A.3d 882 (quotation omitted). "For the purposes of [a] motion [for judgment on the pleadings] all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." Thayer v. Herdt, 155 Vt. 448, 456, 586 A.2d 1122, 1126 (1990) (quotation omitted). "A defendant may not secure judgment on the pleadings if contained therein are

---

[2] PER CURIAM: In this written decision, the trial court accused Island Industrial of "play[ing] procedural games," "duck[ing]," and "play[ing] cute." These labels are neither necessary nor helpful in resolving issues before the court. As we noted in State v. Gurung, "[i]n making a decision, a judge must act with 'calm reflection to determine that it is correct, fair, and serves the ends of justice.' " 2020 VT 108, ¶ 17, n.5, __ Vt. __, __ A.3d__ (quoting State v. Therrien, 140 Vt. 625, 627, 442 A.2d 1299, 1301 (1982) (per curiam)). Statements such as these do not engender trust in the impartiality of the judicial process or serve the ends of justice.

allegations that, if proved, would permit recovery." Bushman, 2018 VT 93, ¶ 9 (quotation omitted).

¶ 11. As a procedural matter, Island Industrial asserts that the court should have converted the Town's motion for judgment on the pleadings into a summary-judgement motion because the Town presented, and the court considered, matters outside the pleadings. Island Industrial also argues that the trial court was required to resolve the pending summary-judgment motion given that the parties had already invested time and resources on those motions. Finally, Island Industrial argues that the trial court erred in granting the Town's motion for judgment on the pleadings because the allegations in the complaint, if proven, demonstrate that the Town had a clear legal duty to accept Island Circle as a public road.

¶ 12. We conclude that the court did not abuse its discretion in considering the Town's motion for judgment on the pleadings rather than the previously filed summary-judgment motion. We further conclude that the trial court did not err in then granting that motion because, based on the allegations in the complaint, Island Industrial has not brought legally cognizable claims.

I. Procedure

¶ 13. Island Industrial argues that the trial court erred in considering the Town's motion for judgment on the pleadings for two reasons. First, Island Industrial argues that because the parties engaged in discovery and developed facts beyond the allegations in the complaint, principles of judicial economy and efficiency required the trial court to rule on the Town's summary-judgment motion. Second, Island Industrial asserts that the court should have converted the Town's motion for judgment on the pleadings into a summary-judgment motion because the court considered matters outside the pleadings—namely, Island Industrial's opposition to the Town's summary-judgment motion.

¶ 14. We conclude that the trial court did not abuse its discretion in considering the Town's motion for judgment on the pleadings even though discovery had taken place. In addition,

6

the Town's motion for judgment on the pleadings was not converted into a summary-judgment motion simply because the court was aware of matters outside the pleadings. We address each argument in turn.

## A. Timing

¶ 15. Vermont Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." While a Rule 12(c) motion should be made promptly, the court should permit the motion "if it seems clear that the motion may effectively dispose of the case on the pleadings," "regardless of any possible delay consideration of the motion may cause." Graham v. Springfield Vt. Sch. Dist., 2005 VT 32, ¶ 6, 178 Vt. 515, 872 A.2d 351 (quotation omitted). A Rule 12(c) motion "is considered timely if it is made early enough not to delay trial or cause prejudice to the non-movant" and such a determination is "within the sound discretion" of the trial court. C. Wright & A. Miller, Fed. Prac. & Proc. § 1367 (3d ed. 2021); see also CVR Energy, Inc. v. Wachtell, Lipton, Rosen, & Katz, 830 F. App'x 330, 333 n.2 (2d Cir. 2020) (concluding that district court did not abuse its discretion in granting Federal Rule of Civil Procedure 12(c) motion because no trial date had been set).

¶ 16. Here, the trial court did not abuse its discretion in considering the Town's Rule 12(c) motion, rather than the pending summary-judgment motion. The Town filed its Rule 12(c) motion less than a month after its summary-judgment motion, and consistent with our decision in Graham, the court determined that the Rule 12(c) motion might provide a more efficient way to resolve the case. While Island Industrial cites a First Circuit Court of Appeals case for the proposition that a court should be reluctant to entertain a Rule 12(c) motion "once the parties have invested substantial resources in discovery," Grajales v. P.R. Ports Auth., 682 F.3d 40, 46 (1st Cir. 2012), there is nothing in the record demonstrating that the court abused its discretion in considering the Town's Rule 12(c) motion. Island Industrial did not seek to amend its complaint

7

to reflect additional facts or allegations gleaned in discovery and does not point to evidence in the summary-judgment record that remedied the deficiencies in Island Industrial's claims as set forth in its complaint.

## B. Conversion into Summary Judgment Motion

¶ 17.    Island Industrial argues that the court should have converted the Town's Rule 12(c) motion into a summary-judgment motion because the record indicates that the court considered matters outside the pleadings.  We first review some procedural history.  After Island Industrial responded to the Town's motion for judgment on the pleadings, the court issued an order rejecting Island Industrial's argument "that the filing of a motion for summary judgment moots a later-filed motion for judgment on the pleadings."  In fact, the court explained that the Town's Rule 12(c) motion might provide an opportunity to resolve the case "without wading into the factual morass suggested by the parties' summary judgment papers."  But, because the Town's Rule 12(c) motion failed to address Island Industrial's arbitrary and capricious, estoppel, and due process claims— and Island Industrial's opposition to the Town's summary-judgment motion only addressed these claims in a "conclusory fashion"—the court directed the parties to file supplemental briefing confined to the facts pleaded in the complaint.  Island Industrial argues that the court's order indicates that it looked at matters outside the pleadings—namely, Island Industrial's opposition to the Town's motion for summary judgment—and therefore was required to convert the Rule 12(c) motion.  The mere fact that the court looked at Island Industrial's opposition to the Town's summary-judgment motion did not require the court to convert the Town's Rule 12(c) motion into one for summary judgment.

¶ 18.    Rule 12(c) provides that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment."   "If the parties rely on extrinsic evidence," it is up to the court whether to convert the motion, and it "may simply disregard the extrinsic materials instead."  S.

8

Gensler & N. Mulligan, 1 Federal Rules of Civil Procedure, Rules and Commentary Highlights, Rule 12 (2021). The inquiry is whether the court considered matters outside the pleadings in ruling on the Rule 12(c) motion. See, e.g., Nash v. Coxon, 152 Vt. 313, 314-15, 565 A.2d 1360, 1361 (1989) (explaining that because there was "no question" court considered matters outside pleadings "in reaching its decision," Rule 56 "governed the disposition of the motion"); see also Skiff v. S. Burlington Sch. Dist., 2018 VT 117, ¶ 2 n.1, 208 Vt. 564, 201 A.3d 969 (concluding that court "essentially converted" motion to dismiss into summary-judgment motion by considering "affidavits and exhibits filed by the parties and testimony taken at a hearing").

¶ 19. Here, when presented with matters outside the pleadings, the court made clear that it was proceeding with the Town's Rule 12(c) motion and disregarding extrinsic materials. In its order, the court informed the parties that rather than wade into "the factual morass" of their summary-judgment filings, it would first address the Town's motion for judgment on the pleadings and specifically asked the parties to provide supplemental briefing that was limited to the facts pleaded in the complaint. In its decision on the Town's Rule 12(c) motion, the court explained that it was accepting Island Industrial's well-pleaded factual allegations as true and there is no indication the court relied upon materials outside the pleadings.

## II. Merits

¶ 20. Island Industrial argues that the trial court erred in granting the Town's Rule 12(c) motion because the allegations in its complaint, if proven, entitle it to mandamus relief. Granting a Rule 12(c) motion is appropriate only when, assuming "all factual allegations pleaded in the complaint are true," it is "beyond doubt that there exist no facts or circumstances that would entitle [the plaintiff] to relief." Powers v. Off. of Child Support, 173 Vt. 390, 395, 795 A.2d 1259, 1263 (2002); see also Messier, 2018 VT 93, ¶ 9 ("Review of the grant of a motion to dismiss and the grant of a motion for judgment on the pleadings employ similar standards."). Because the "threshold a plaintiff must cross in order to meet our notice-pleading standard is such a low one,

9

motions to dismiss for failure to state a claim are disfavored and should be rarely granted." Montague v. Hundred Acre Homestead, LLC, 2019 VT 16, ¶ 10, 209 Vt. 514, 208 A.3d 609 (alteration omitted) (quotation omitted). The specific question here is whether the allegations in Island Industrial's complaint, if proven, entitle it to mandamus relief in the form of an order requiring the Town to accept Island Circle as a public road.

¶ 21. "Mandamus is a command from the court to an official, agency, or lower tribunal to perform a simple and definite ministerial duty imposed by law." Wool v. Off. of Prof'l Regulation, 2020 VT 44, ¶ 18, ___ Vt. ___, 236 A.3d 1250 (quotation omitted). A writ of mandamus issues (1) when a party has "a clear and certain right to the action sought by the request for a writ"; (2) the writ is for the enforcement of ministerial duties, not those that "involve the exercise of [an] official's judgment or discretion"; and (3) there is "no other adequate remedy at law." Wool v. Menard, 2018 VT 23, ¶ 11, 207 Vt. 25, 185 A.3d 577 (quotation omitted). We have expanded the traditional writ of mandamus to include situations when there is "an arbitrary abuse of . . . power . . . which amounts to a virtual refusal to act or to perform a duty imposed by law." Ahern v. Mackey, 2007 VT 27, ¶ 8, 181 Vt. 599, 925 A.2d 1011 (mem.) (quotation omitted); accord Inman v. Pallito, 2013 VT 94, ¶ 14, 195 Vt. 218, 87 A.3d 449. "[T]he alleged arbitrary abuse of discretion [must] amount to a practical refusal to perform a 'certain and clear' legal duty." Inman, 2013 VT 94, ¶ 15.

¶ 22. Here, the trial court concluded that the allegations in Island Industrial's complaint did not demonstrate that the Town had a ministerial duty to accept Island Circle as a public road. It explained that following the 2016 motion, the selectboard "retained the discretion either to accept or reject Island Circle" as a public road because "[i]t is a long-held common law principle that a municipality may rescind an executive decision at any time, so long as no rights have vested." Although the court noted that Island Industrial argued that it had encumbered its property, the court concluded that Island Industrial only alleged in its complaint that it presented deeds to

10

the Town, "which were not even alleged to have been executed, much less recorded in the land records." Because no rights had vested, the court concluded that the selectboard could rescind the 2016 motion. In addition, the court concluded that the 2018 decision to rescind the 2016 motion did not amount to an arbitrary abuse of power because the selectboard's reasons for rescinding— i.e., maintenance costs, safety concerns, and limited benefits for the Town—were not facially invalid. Finally, the court concluded that the doctrine of promissory estoppel could not convert a discretionary municipal function into a ministerial duty. Alternatively, the court concluded that Island Industrial had not pleaded sufficient allegations in its complaint to make out a promissory-estoppel claim.

¶ 23. On appeal, Island Industrial argues that the allegations in its complaint, if proven, make out a claim for mandamus. Specifically, Island Industrial argues that once the selectboard voted in September 2016 to accept Island Circle as public road, it had a legal duty to act on its acceptance. The selectboard could not thereafter rescind the 2016 motion to accept, Island Industrial argues, because under Vermont law, voters, not municipalities, have the right to rescind. Even assuming that selectboards have the authority to rescind, Island Industrial submits that the Town could not rescind here because Island Industrial's rights were affected. Based on the 2016 motion, Island Industrial alleges that it surrendered its property rights over the road to the Town by executing an irrevocable offer of dedication. Similarly, Island Industrial argues that the court erred in granting judgment on it promissory-estoppel claim because it has alleged that it relied on the Town's 2016 motion to accept Island Circle as a public road by investing time and money to facilitate the transfer of Island Circle to the Town.

¶ 24. It is true, as Island Industrial points out, that motions to dismiss are disfavored and rarely granted. Ass'n of Haystack Prop. Owners, Inc. v. Sprague, 145 Vt. 443, 446-47, 494 A.2d 122, 125 (1985). The purpose of a complaint "is to initiate the cause of action, not prove the merits of the plaintiff's case." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 13, 184 Vt. 1, 955 A.2d 1082. All

11

that is required under "Vermont's extremely liberal notice-pleading standard," <u>Mahoney v. Tara, LLC</u>, 2014 VT 90, ¶ 15, 197 Vt. 412, 107 A.3d 887, is a complaint with "a bare bones statement that merely provides the defendant with notice of the claims against it," <u>Colby</u>, 2008 VT 20, ¶ 13. The "threshold a plaintiff must cross in order to meet our notice-pleading standard is . . . a low one." <u>Montague</u>, 2019 VT 16, ¶ 10 (quotation omitted). Notably, we have rejected the heightened pleading standards the United States Supreme Court has adopted under the Federal Rules of Civil Procedure. <u>Colby</u>, 2008 VT 20, ¶ 5 n.1 (rejecting dissent's argument that we should adopt heightened pleading standards adopted by U.S. Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554 (2007)).

¶ 25.    Notwithstanding our liberal pleading requirements, we conclude that the Town is entitled to judgment on the pleadings. A motion for judgment on the pleadings is designed "to test the law of the claim, not the facts which support it." <u>Powers</u>, 173 Vt. at 395, 795 A.2d at 1263. "[T]he beauty of our rules of civil procedure is that they strike a fair balance, at the early stages of litigation, between encouraging valid, but as yet undeveloped, causes of action and discouraging baseless or legally insufficient ones." <u>Colby</u>, 2008 VT 20, ¶ 13. While "the legal theory of a case should be explored in the light of facts as developed by the evidence," where "the plaintiff does not allege a legally cognizable claim," judgment on the pleadings is appropriate. <u>Montague,</u> 2019 VT 16, ¶ 11 (alteration omitted) (quotation omitted).

¶ 26.    Here, the Town's Rule 12(c) motion provides an opportunity to "test the law of [Island Industrial's] claim, not the facts which support it." <u>Powers</u>, 173 Vt. at 395, 795 A.2d at 1263. Island Industrial's mandamus claim, and its arguments on appeal, primarily rest on the legal assertion that that the Town accepted Island Circle as a public road at the September 2016 selectboard meeting. Based on over one-hundred years of case law regarding dedication and acceptance, we can conclude that this not a legally cognizable claim because the 2016 selectboard motion did not demonstrate an unequivocal acceptance by the Town. In sum "[a]lthough our

12

analysis is framed with reference to the sufficiency of [Island Industrial's] factual allegations, it turns on the validity of [its] legal theories." Montague, 2019 VT 16, ¶ 12.

## A. Dedication and Acceptance

¶ 27.    Island Industrial argues that it is entitled to mandamus relief because it has alleged sufficient facts that the selectboard accepted Island Circle as a public road. Specifically, it asserts that in September 2016, the selectboard voted to accept Island Circle as a public road with the transfer taking place after two years and Island Industrial attached the meeting minutes reflecting this vote to its complaint. Island Industrial also asserts that the Town demonstrated its intent to accept by directing the Town attorney to work with Island Industrial's attorney to facilitate the transfer. Having accepted the road in 2016, Island Industrial asserts that the Town could not rescind the decision in 2018. Based on our case law regarding dedication and acceptance, we conclude that Island Industrial has not alleged sufficient facts to demonstrate that the selectboard unequivocally intended to accept Island Circle as a public road in September 2016.

¶ 28.    "The process of transferring ownership of a road from private hands to a town requires dedication by the owner and acceptance by the town." Hayes v. Mountain View Estates Homeowners Ass'n, 2018 VT 41, ¶ 26, 207 Vt. 293, 188 A.3d 678. "Dedication is the setting apart of land for public use," which may arise "either expressly or by implication of law." Town of S. Hero v. Wood, 2006 VT 28, ¶ 10, 179 Vt. 417, 898 A.2d 756 (quotation omitted). An owner's intent to dedicate may be demonstrated by the "owner's writings, affirmative acts, acquiescence in public use, or some combination thereof." Kirkland v. Kolodziej, 2015 VT 90, ¶ 35, 199 Vt. 606, 128 A.3d 407 (quotation omitted). But because towns have a duty to repair public roads, the town must accept the dedication. Gardner v. Town of Ludlow, 135 Vt. 87, 90, 369 A.2d 1382, 1384 (1977). Acceptance requires an unequivocal intent to accept "coupled with some affirmative act of acceptance on behalf of the town." Kirkland, 2015 VT 90, ¶ 35; see also Smith v. Town of Derby, 170 Vt. 553, 554, 742 A.2d 757, 759 (1999) (mem.) ("To constitute acceptance, there must

13

be both an act of acceptance and an intent to accept the dedication."); Gardner, 135 Vt. at 90, 369 A.2d at 1384 ("[S]uch acceptance and adoption may be inferred from evidence that the town acting through the proper officials has voluntarily assumed the burden of maintaining the road and keeping it in repair . . . ." (quotation omitted)).

¶ 29.    Here, the allegations in the complaint demonstrate that Island Industrial intended to dedicate Island Circle as a public road.  Island Industrial alleges that it petitioned the Town in 2014 to accept Island Circle as a public road and began working with the Town to transfer ownership of the road.  During the summer of 2016, the selectboard discussed Island Industrial's request and Island Industrial, among other things, provided engineering reports and details about Island Circle's construction.  Following the selectboard's September 2016 motion to accept Island Circle as a public road, Island Industrial alleges that it executed an irrevocable offer of dedication, in which it agreed to execute and deliver to the Town one or more deeds conveying to the Town the fee-simple title to the land.  These allegations clearly indicate that Island Industrial intended to dedicate Island Circle as a public road.

¶ 30.    The allegations in the complaint, and the minutes of the September 2016 meeting incorporated therein, neither indicate nor support the notion, however, that the Town unequivocally intended to accept Island Circle as a public road.  Citing the minutes of the September 2016 selectboard meeting, Island Industrial alleges that at this meeting, the Town unanimously approved a motion to accept Island Circle as a public road after a two-year period to assess how the pavement would perform during the winter months and directed the Town attorney to amend the 2006 agreement.  As a result of the 2016 motion, Island Industrial alleges that it engaged its attorney to work with the Town attorney and incurred other costs and expenses to transfer ownership of Island Circle.  These allegations are insufficient to show that the selectboard unequivocally intended to accept Island Circle as a public road.

14

¶ 31.   Our decision in Smith v. Town of Derby, 170 Vt. 553, 742 A.2d 757 (1999), is illustrative.  In Smith, the issue was whether a bridge to the plaintiffs' property had become a town road by dedication and acceptance.  The bridge had been built in the 1950s and the town maintained it throughout the 1960s.  In 1973, the selectboard approved a resolution to rebuild the bridge at the town's expense.  The meeting minutes indicated that the selectboard thought a precedent had been created, and therefore would honor the past decisions and would rebuild and maintain the bridge.  The minutes specified, however, that the resolution did not "obligate the town to maintain the drive leading to the bridge [in the] summer or winter."  Id. at 554, 742 A.2d at 758.  Although the town repaired and rebuilt the bridge on several occasions over the next two decades, it refused to do so in 1996 when the bridge sank.  The plaintiffs appealed the town's decision not to rebuild the bridge, arguing that the bridge had become a public road by dedication and acceptance.

¶ 32.   The trial court disagreed, reasoning that the town had not accepted the bridge because plaintiffs maintained the road during the winter and the bridge was not on the map of town roads.  We affirmed on appeal, explaining that "[a]lthough the court could infer acceptance from maintenance and repair, it was not required to do so," especially because plaintiffs maintained the bridge.  Id. at 554, 742 A.2d at 759.  In addition, we concluded that the 1973 resolution did not show "acceptance as a matter of law" because in the resolution the town referred to the bridge as a private road and specified that it would not maintain the bridge in the winter and summer.  Id. at 555, 742 A.2d at 759.

¶ 33.   Similar to the selectboard resolution at issue in Smith, the 2016 selectboard motion here does not demonstrate an unequivocal intent to accept Island Circle as a public road.  As indicated by the meeting minutes, at the 2016 selectboard meeting, the selectboard passed a motion to accept Island Circle as a public road at a point in the future, contingent upon the performance of the road during the winter months. The meeting minutes expressly provide that two selectboard members were "okay with a two-year waiting period to take the road over to give the Town time

15

to ensure there [were] no issues with frost and thaw periods." The 2016 selectboard motion, by its express terms, does not demonstrate an unequivocal intent to accept Island Circle as a public road. It was therefore, in effect, a non-binding resolution that did not impose any legal obligations on the Town. G. Blum et al., 56 Am. Jur. 2d Mun. Corps., Etc. § 132 (2d ed. 2021) ("A resolution may be a determination that has . . . no binding legal effect . . . and does not rise to the dignity of an ordinance." (footnote omitted)).

¶ 34. Island Industrial's allegations that, following the meeting, it executed an offer of dedication to the Town and had its attorney work with the Town attorney to facilitate the transfer of the road do not indicate otherwise. Transferring ownership of a private road to a public one requires both dedication and acceptance. Hayes, 2018 VT 41, ¶ 26. "Highways cannot be forced upon a town" without "acceptance by the proper town authorities." Gardner, 135 Vt. at 90, 369 A.2d at 1384. Island Industrial's allegations demonstrate its intent to dedicate Island Circle as a public road; they do not demonstrate, however, that the Town had an unequivocal intent to accept Island Circle as a public road.

### B. Arbitrary Abuse of Power

¶ 35. Island Industrial alternatively argues that the 2018 decision to rescind the 2016 motion amounts to an arbitrary abuse of power. We have expanded the traditional writ of mandamus to include situations "where there appears, in some form, an arbitrary abuse of . . . power . . . which amounts to a virtual refusal to act or to perform a duty imposed by law." Ahern, 2007 VT 27, ¶ 8 (alteration omitted) (quotation omitted). The alleged arbitrary abuse of power must "amount to a practical refusal to perform a 'certain and clear' legal duty." Inman, 2013 VT 94, ¶ 15. The trial court concluded that the 2018 decision to rescind was not an arbitrary abuse of power because the Town's reasons for rescinding were not facially invalid.

¶ 36. Island Industrial maintains that the 2018 decision to rescind was an arbitrary abuse of power because (1) the only reason the selectboard gave for the two-year delay was to see how

16

the pavement would perform during the winter months; (2) following the 2016 motion, Island Industrial executed an irrevocable offer of dedication; and (3) in a letter the selectboard sent to Island Industrial following the 2018 selectboard meeting, the selectboard gave different reasons for rescinding the 2016 motion than those discussed at the meeting. The problem with Island Industrial's arguments is that the arbitrary-abuse-of-power mandamus claim is not akin to the arbitrary and capricious standard where we consider the sufficiency of an agency's reasons for taking certain action. Cf. In re Petition of Town of Sherburne, 154 Vt. 596, 605, 581 A.2d 274, 279 (1990) (explaining that Water Resources Board must "explain its reasons for finding as it does" because "if it does not give reasons, its decision may appear arbitrary"). Rather, the question is whether there is an arbitrary abuse of power that "amounts to a virtual refusal to act or to perform a duty imposed by law." Ahern, 2007 VT 27, ¶ 8 (quotation omitted).

¶ 37. For example, in Chrysler Corp. v. Makovec, 157 Vt. 84, 89-91, 596 A.2d 1284, 1287-88 (1991), we held that a trial court's failure to close discovery eight months after its initial discovery deadline was an arbitrary abuse of power. We explained that under the Vermont Rules of Civil Procedure, the trial court had an "affirmative duty to limit discovery . . . to protect parties from annoyance and excessive expense," and the court arbitrarily abused its discretion "[b]ecause it [was] indisputable that plaintiff had ample opportunity to obtain the information she sought and that defendant ha[d] been unduly burdened by plaintiff's discovery requests." Id. at 89, 91, 596 A.2d at 1287-88 (emphasis added). By contrast, in Inman, the plaintiff argued, among other things, that his termination from a Department of Corrections educational program was an arbitrary abuse of power because the termination decision was based on factual errors that were "very wrong." 2013 VT 94, ¶ 16. Citing Chrysler Corp., we explained that "our decisions allowing mandamus . . . [were] based not on the degree of error, but instead on whether the official actor is exercising discretion" in the performance of legal duties. Inman, 2013 VT 94, ¶ 16. The termination decision

17

was not subject to mandamus, we concluded, because it involved "the exercise of professional expertise and discretion." Id. ¶ 17.

¶ 38.   Here, the selectboard's 2018 motion to rescind was not an arbitrary abuse of power because the selectboard had no affirmative duty to accept Island Circle as a public road following the 2016 motion.  As outlined above, the 2016 motion does not demonstrate that the selectboard had an unequivocal intent to accept Island Circle as a public road, and therefore did not impose an affirmative legal duty on the Town.  Because the Town retained discretion on whether to accept Island Circle as a public road following the 2016 motion, the 2018 decision to rescind did not amount to an arbitrary refusal to perform a duty imposed by law.

C.  Promissory Estoppel

¶ 39.   Finally, Island Industrial asserts that it is entitled to mandamus relief on a promissory-estoppel theory.  Promissory estoppel "requires (1) a promise on which the promisor reasonably expects the promisee to take action or forbearance of a substantial character; (2) the promise induced a definite and substantial action or forbearance; and (3) injustice can be avoided only through the enforcement of the promise." Green Mountain Inv. Corp. v. Flaim, 174 Vt. 495, 497, 807 A.2d 461, 464 (2002) (mem.); see also Nelson v. Town of Johnsbury Selectboard, 2015 VT 5, ¶ 56, 198 Vt. 277, 115 A.3d 423 ("We have adopted the elements of promissory estoppel as set out in the Restatement (Second) of Contracts § 90(1) (1981).").  The first two elements are questions of fact, while the third is a question of law. Green Mountain Inv. Corp., 174 Vt. at 497, 807 A.2d at 464.

¶ 40.   In addressing this claim below, the trial court noted that Island Industrial did not "provide any authority for the novel idea that either contract law or the closely related doctrine of promissory estoppel could somehow operate to constrain municipal authority in a way that would convert a discretionary function into a ministerial duty."  Nevertheless, assuming that promissory estoppel was a valid basis for mandamus relief, the court concluded that Island Industrial did not

18

allege sufficient facts to make out a promissory-estoppel claim. Although Island Industrial demonstrated that it reasonably relied upon the selectboard's 2016 motion to accept Island Circle as a public road, the court concluded that Island Industrial could not demonstrate that enforcing the Town's promise was the only way to avoid injustice because Island Industrial could seek damages.

¶ 41. Notwithstanding the trial court's skepticism about whether promissory estoppel could convert a discretionary municipal function into a ministerial duty, Island Industrial's briefing on appeal primarily focuses on whether the elements of promissory estoppel are met. It argues that the selectboard made a promise to accept Island Circle as a public road; it relied on that promise by, among other things, spending money executing an irrevocable offer of dedication to the Town; and failing to enforce the selectboard's promise would result in injustice to both Island Industrial and the Town. Assuming, as the trial court did, that promissory estoppel could impose a mandatory duty on the Town to accept Island Circle as a public road, we conclude that Island Industrial has failed to allege a promissory-estoppel claim because, assuming the first two elements are met, it cannot demonstrate that injustice can be avoided only through enforcing the promise, i.e., the Town's 2016 motion to accept Island Circle as a public road.

¶ 42. "Whether injustice can be avoided only by enforcement of the promise is a question of law informed by several factors," which include "the availability and adequacy of other remedies" and the "character of the action . . . in relation to the remedy sought." Tour Costa Rica v. Country Walkers, Inc., 171 Vt. 116, 123, 758 A.2d 795, 801 (2000) (footnotes omitted). Here, another adequate remedy is available to Island Industrial: reliance damages for the costs it incurred in relying on the selectboard's promise to accept Island Circle as a public road. See id. at 124, 758 A.2d at 802 (explaining that "[r]eliance damages give the plaintiff any reasonably foreseeable costs incurred in reliance on the contract" and are designed "to return the plaintiff to the position it was

19

in prior to the parties' contract").  Because another remedy is available to Island Industrial, it is not entitled to mandamus relief based on a promissory-estoppel theory.

      <u>Affirmed</u>.

                        FOR THE COURT:

                        _____

                        Associate Justice