Filed 08/28/24

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01896

---

Lorie LaRock v. Tyler Fisk et al

---

Opinion and Order on Defendants' Motion for Partial Judgment on the Pleadings

The current allegations of the pleadings show that Plaintiff Lorie LaRock constructed a house, at which she currently lives, on real property owned by Defendants Tyler Fisk, Shane Fisk, and Cathy Fisk. Tyler lives on the property in a separate home. Shane and Cathy live elsewhere. Ms. LaRock's daughter was in a romantic relationship with Tyler and, for a time, lived with him. During that time, Ms. LaRock alleges that she entered into an oral agreement permitting her to build the house and remain in possession for life, after which her daughter and Tyler would inherit it. After Tyler and her daughter split up and her daughter vacated the property, Defendants sought to expel Ms. LaRock from the property. In the complaint, Ms. LaRock seeks an order enforcing the oral agreement, allowing her to remain in possession for life. She requests, in the alternative only, damages for the value of improvements.

Defendants have filed a counterclaim asserting trespass, seeking ejectment, and claiming unjust enrichment.

Presently before the Court is Defendants' motion for partial judgment on the pleadings. They argue that Ms. LaRock's attempted reliance on an oral agreement for the conveyance of an easement or life estate is barred by the Statute of Frauds, 12 V.S.A. § 181, which requires a writing as evidence of the agreement. They maintain that the

facts do not support any equitable exception to the requirement for a writing because: (1) there is no allegation of any agreement at all with Shane and Cathy; (2) without any effective agreement with all owners, there could not have been any reasonable reliance on an agreement; and (3) regardless, equitable relief would be inappropriate because Ms. LaRock admits that legal damages would be adequate compensation for any violation of her rights. Defendants urge the Court to rule that Ms. LaRock has no equitable right to remain at the property and grant their claim for ejectment, all based solely on the pleadings. Ms. LaRock opposes the motion.

I.  Procedural Standard

As the Vermont Supreme Court has explained, the question posed by a Vt. R. Civ. P. 12(c) motion for judgment on the pleadings, "is whether, once the pleadings are closed, the movant is entitled to judgment as a matter of law on the basis of the pleadings. For the purposes of [a] motion [for judgment on the pleadings] all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. A defendant may not secure judgment on the pleadings if contained therein are allegations that, if proved, would permit recovery." *Island Indus., LLC v. Town of Grand Isle*, 2021 VT 49, ¶ 10, 215 Vt. 162, 169 (internal quotations and citations omitted).

II.  Analysis

Defendants' arguments are predicated on the Statute of Frauds, which provides in relevant part as follows:

> An action at law shall not be brought in the following cases unless the
> promise, contract, or agreement upon which such action is brought or some

memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him or her lawfully authorized:

\* \* \*

(5) A contract for the sale of lands, tenements, or hereditaments, or of an interest in or concerning them. Authorization to execute such a contract on behalf of another shall be in writing.

12 V.S.A. § 181.

Here, Ms. LaRock alleges only an oral agreement that ordinarily would not be enforceable under § 181. Not surprisingly, though, the statute is intended to prevent fraud, not to foster it. An equitable exception to the requirement of a writing exists: "the court may enforce an oral agreement for the transfer of land where the plaintiffs can show that: (1) there was an oral agreement (2) upon which they reasonably relied (3) by changing their position so that they cannot be returned to their former position, and (4) the other party to the agreement knew of such reliance." *In re Est. of Gorton*, 167 Vt. 357, 362 (1997).

Defendants argue that there is no effective oral agreement in this case that Ms. LaRock could have reasonably relied upon because she alleges an agreement only with one of three owners of the real property. That inference is clearer to Defendants than it is to the Court, however. The complaint itself is extremely vague as to the negotiations leading up to an agreement. The complaint is clear that Tyler was a principal party to the agreement. As to Shane and Cathy, Ms. LaRock asserts that they "were aware of the agreement and supported the idea of Ms. LaRock building on the property." Complaint ¶ 14 (filed May 15, 2024). It is further alleged that "Cathy and Shane went to the building site periodically to check on the progress, and would lend a hand here and there." *Id.* ¶ 20.

These allegations are too vague for the Court to conclude that Cathy and Shane were not parties to the agreement. Unanswered questions raised by the allegations include, for example: whether Tyler, who is alleged to have a 75% interest in the property, was acting on Cathy and Shane's behalf in making the agreement with Ms. LaRock. Also in question is whether Cathy and Shane's participation in the project operates as a manifestation of assent by performance. *See* Restatement (Second) of Contracts § 50 ("Acceptance by performance requires that at least part of what the offer requests be performed or tendered and includes acceptance by a performance which operates as a return promise."). Exactly what happened and its legal effect will be more reliably determined once the evidence has developed. At this early stage, Plaintiff is entitled to the benefit of all potentially positive inferences from the existing allegations. Those suffice.

Defendants' argument that Ms. LaRock cannot be entitled to equitable relief, as a matter of law, because she can always be compensated with damages if she ultimately demonstrates a basis for it is not persuasive. The law is not so linear when reliance has led to substantial improvements to real property. *See In re Est. of Gorton*, 167 Vt. 357, 362 (1997) ("Possession coupled with substantial improvements may be such that the plaintiffs cannot be restored to their former position."); *see also* Restatement (Second) of Contracts § 129 cmt. B, illus. 3 ("A and B make an oral agreement for the sale of Blackacre by A to B. With A's consent B takes possession of the land, pays part of the price, builds a dwelling house on the land and occupies it. Two years later, as a result of a dispute over the amount still to be paid, A repudiates the agreement. B may obtain a decree of specific performance."). The present allegations are insufficient for the Court to

conclude as a legal matter that the home Ms. LaRock built and the real property at issue might be recompensed, in full, with money damages.

To the extent that Defendants assert that Ms. LaRock has conceded that monetary relief would be a sufficient remedy on the face of the complaint, there is no such allegation. Rather, Ms. LaRock has sought money damages only if she is determined to have no right to enforcement of the agreement. Her request for such alternative relief does not somehow invalidate her other request for performance of the alleged agreement.

The Court cannot conclude, based on the pleadings, that Ms. LaRock has no possible legal right to possession under the present allegations and inferences; and, therefore, also cannot conclude that Defendants are entitled to ejectment.

<u>Conclusion</u>

For the foregoing reasons, Defendants' Motion for Partial Judgment on the Pleadings is denied.

Electronically signed on Thursday, August 22, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge