Vermont Superior Court
Filed 11/22/24
Washington Unit

| | | |
|---|---|---|
| VERMONT SUPERIOR COURT<br>Washington Unit<br>65 State Street<br>Montpelier VT 05602<br>802-828-2091<br>www.vermontjudiciary.org |  | CIVIL DIVISION<br>Case No. 24-CV-02188 |

---

Betsy Rutledge v. Jeremiah Rutledge et al

---

## Opinion and Order on Sara's Motion for Judgment on the Pleadings (filed Oct. 4, 2024), Jeremiah's Motion to Dismiss (filed Oct. 8, 2024), and Jeremiah's Motion for More Definite Statement (filed Oct. 8, 2024)

Plaintiff Betsy Rutledge claims that she orally contracted with her son and daughter-in-law, Defendants Jeremiah Rutledge and Sara Rutledge, to pay them $180,000 in exchange for the conveyance of a subdivided lot, including a house, from a larger parcel titled to Jeremiah only.[1] She alleges that she paid the $180,000, moved into the house (after selling her previous home) and made various improvements, but before any formal subdivision and conveyance, Defendants decided to get divorced. Since divorce proceedings commenced, Betsy alleges, Sara has refused to cooperate with the subdivision and conveyance, which have not occurred. Betsy asserts 3 claims against both Defendants: (1) breach of contract, (2) equitable estoppel,[2] and (3) unjust enrichment.

---

[1] Because the parties all have the same last name, the Court refers to them by their first names for clarity and simplicity.

[2] The contours of Betsy's assertion of equitable estoppel in the complaint are not clear. Equitable estoppel typically is predicated on a representation of past or existing fact. Promissory estoppel, by contrast, is predicated on a representation as to future intention that is treated as a promise. *See* 4 Williston on Contracts §§ 8:3–8:4 (4th ed.) (discussing the difference between equitable and promissory estoppel). As the pending motions do not test the viability of Betsy's equitable estoppel claim, the Court has no need to address the question further at this time.

Sara has filed an amended crossclaim against Jeremiah. She alleges that she had no knowledge of any agreement with Betsy or any payments made by Betsy to Jeremiah in reliance on any such agreement. She appears to claim against Jeremiah: (1) implied indemnification as to any liability to Betsy; (2) fraud for not revealing to Sara the contract with Betsy; and (3) fraud for having an extramarital affair.

Three motions are pending. Sara has filed a motion for judgment on the pleadings arguing that Betsy's breach of contract and equitable estoppel claims were filed outside the 6-year limitation period at 12 V.S.A. § 511. Vt. R. Civ. P. 12(c). She does not address the unjust enrichment claim. Jeremiah has filed a motion to dismiss both of Sara's fraud crossclaims for lack of pleading the circumstances with particularity under Vt. R. Civ. P. 9(b). Vt. R. Civ. P. 12(b)(6). Jeremiah also has filed a motion for more definite statement due to two unusual allegations in Sara's amended crossclaim that he argues are not set forth in a manner to which he reasonably can respond. Vt. R. Civ. P. 12(e).

I.     Analysis

A.     Sara's Motion for Judgment on the Pleadings

Sara has filed a motion for judgment on the pleadings arguing that Betsy's breach of contract and equitable estoppel claims were filed outside the 6-year limitation period at 12 V.S.A. § 511. Betsy agrees that § 511 is the correct limitation statute but argues that there was no breach of contract (or basis for estoppel, presumably) until 2023, when it became clear that Sara was refusing to cooperate with the subdivision and conveyance.

As the Vermont Supreme Court has explained, the question posed by a Vt. R. Civ. P. 12(c) motion for judgment on the pleadings, "is whether, once the pleadings are closed, the movant is entitled to judgment as a matter of law on the basis of the pleadings. For

the purposes of [a] motion [for judgment on the pleadings] all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. A defendant may not secure judgment on the pleadings if contained therein are allegations that, if proved, would permit recovery.'" *Island Indus., LLC v. Town of Grand Isle*, 2021 VT 49, ¶ 10, 215 Vt. 162, 169 (internal quotations and citations omitted).

The Court cannot rule on this issue on the current record. The contract at issue was oral, and the complaint does not attempt to set forth its terms in any detail. Sara *assumes* without explanation for purposes of her motion that because Betsy alleges that she performed her part of the bargain by paying $180,000 in 2016 that Betsy's breach of contract and equitable estoppel claims against Jeremiah and Sara necessarily accrued at the same time. But a claim for breach of a contract does not accrue before the actual breach, and there is no allegation in the complaint asserting *when* Defendants' performance was required under the contract. *See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 279 (2d Cir. 2004) ("In some anticipatory repudiation cases the aggrieved party may sue immediately after the repudiation is announced. However, the statute of limitations ordinarily does not begin to run, and the cause of action does not accrue, until the date of the actual breach; that is, until the date on which performance is due."). Nor is there any allegation, for example, that there was a demand for performance and a refusal to perform outside the limitation period. The precise terms of the alleged contract and its performance are not set out fully in the complaint.

In short, the allegations of the complaint are woefully insufficient for the Court to reliably understand the terms of the contract and the circumstances or timing of any breach for purposes of determining compliance with the limitation period.

Similarly, it is hard to see how an equitable estoppel claim could have arisen before Sara made clear her intention not to cooperate with the subdivision and conveyance. The allegations of the complaint imply that this occurred sometime after Defendants initiated their divorce proceeding in 2023, well within the statute of limitation.

This motion is denied.

### B. Jeremiah's Motion to Dismiss for Failure to State a Claim

Jeremiah has filed a motion to dismiss for failure to state a claim as to both of Sara's fraud crossclaims arguing that the fraud claims are not pled with particularity, as required by Vt. R. Civ. P. 9(b).

A motion to dismiss for failure to state a claim faces a high bar. The Vermont Supreme Court has described the general standard for Rule 12(b)(6) motions to dismiss for failure to state a claim as follows:

> "A motion to dismiss . . . is not favored and rarely granted." This is especially true "when the asserted theory of liability is novel or extreme," as such cases "should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations." In reviewing a motion to dismiss, we consider whether, taking all of the nonmoving party's factual allegations as true, "'it appears beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." We treat all reasonable inferences from the complaint as true, and we assume that the movant's contravening assertions are false.

*Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309, 316–17 (citations omitted); *see also* 5B A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1357 (4th ed.)

("Ultimately, the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

Nonetheless, Vt. R. Civ. P. 9(b) requires that in "all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." No standard for particularity appears in the rule itself. The most commonly asserted rationale for it is that it "is necessary to safeguard potential defendants from lightly made claims charging the commission of acts that involve some degree of moral turpitude. The notion is that a heightened pleading requirement imparts a note of seriousness and encourages a greater degree of pre-institution investigation by the plaintiff." 5A A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1296 (4th ed.). It also discourages "strike suits." *Id.*; *see Black's Law Dictionary*, *"suit"* (12th ed. 2024) (defining a "strike suit" as a lawsuit "often based on no valid claim, brought either for nuisance value or as leverage to obtain a favorable or inflated settlement").

At a minimum, a claim of fraud must be pled so as to provide some explanation of the circumstances supporting all the substantive elements of the fraud claim. 5A A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1297 (4th ed.).

Sara has not pleaded either fraud claim with particularity. As far as the Court can tell from the extremely conclusory pleading, the fraud claim relating to the extramarital affair is simply that the affair happened. That is wholly insufficient. "[F]raudulent nondisclosure or concealment 'involves concealment of facts by one with knowledge . . . and a duty to disclose, coupled with an intention to mislead or defraud.'" *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 66, 179 Vt. 167, 193 (citation omitted). It requires that the omission was "not open to the defrauded party's knowledge, and was

relied on by the defrauded party to his damage.'" *Id.* (citation omitted). Merely asserting that there was an extramarital affair and that it had some impact on her is not pleading fraud with particularity.

The fraud claim based on the contract with Betsy also is impermissibly opaque. Sara claims that she had no knowledge of the contract. But, assuming the other elements could be shown, she nowhere explains in her pleading how it is that she could have been unaware of an agreement with Betsy, who allegedly in reliance on it sold her own house and moved into Defendants' house; how she relied on the omission or concealment; and how she did so to her detriment. This is insufficient. "[A]ctions or defenses based upon fraud are disfavored and therefore must be scrutinized by the courts with great care." 5A A. Benjamin Spencer, *et al., Fed. Prac. & Proc. Civ.* § 1296 (4th ed.).

Rule 9(b), however, is a pleading standard—it is not a rule of dismissal. "Courts infrequently dismiss for a failure to plead with sufficient particularity under Rule 9(b), at least not without providing an opportunity to replead. To impose such a drastic sanction for a pleading defect arguably is at odds with the liberal approach the federal rules as a whole take to the pleading phase of litigation and could lead to injustice." *Id.* (footnotes omitted). The Court recognizes that Jeremiah raised the particularity requirement in response to the original crossclaim, and Sara responded by voluntarily amending it. That amendment avoided the first dismissal motion, but it did not cure the deficiency. In any event, the Court believes Sara deserves a last opportunity to cure the deficiency with the guidance provided by this Order.

Sara's fraud claims are dismissed for failure to plead with particularity, but they are dismissed without prejudice. Should Sara wish to replead a fraud claim, she must do

so promptly, and the pleading must expressly articulate the circumstances that support each element of the claim.[3]

### C. Jeremiah's Motion for a More Definite Statement

Jeremiah also has filed a motion for a more definite statement due to two unusual allegations in Sara's amended crossclaim that he argues are not set forth in a manner to which he reasonably can respond. Vt. R. Civ. P. 12(e). Vermont's Rule 12 parallels Federal Rule of Civil Procedure 12. "Motions pursuant to Rule 12(e) are disfavored and should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Greater NY. Auto. Dealers Ass'n v. Envtl. Sys. Testing, Ina*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002.

The two allegedly problematic allegations in the crossclaim are:

1. Cross Claim Plaintiff incorporates the allegations in Plaintiff Betsy Rutledge's Complaint without admission as if set forth herein.

2. Cross Claim Plaintiff incorporates her Answer to Plaintiff Betsy Rutledge's Complaint as if set forth herein.

In Jeremiah's view, these allegations improperly incorporate and assert anew all the individual allegations in Betsy's complaint and Sara's answer; and, thus, require him to respond to each subsidiary allegation in those pleadings even though none are set forth in the crossclaim. He presumably would have Sara amend the crossclaim to set forth each such allegation.

---

[3] Dismissing the fraud claims does not dismiss the crossclaim in its entirety because it also includes an indemnification claim that has not been dismissed. Should Sara choose to amend, any amended crossclaim should consolidate all claims in that amended filing.

No doubt these first two allegations of the crossclaim are unusual. The Court understands them, however, to simply establish the general litigation context of the crossclaim. They are the rough equivalent of Sara asserting that Betsy filed the complaint against both Defendants and Sara answered that complaint without conceding liability. Jeremiah can treat them as such and answer them accordingly.

The motion for a more definite statement is denied.

<u>Conclusion</u>

For the foregoing reasons: (a) Sara's motion for judgment on the pleadings is denied; (b) Jeremiah's motion to dismiss is granted without prejudice; and (c) Jeremiah's motion for a more definite statement is denied.

Electronically Signed on November 22, 2024, per V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge